IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 00-00145-SOM |
| | ) (USCC – Hawaii) |
| Plaintiff and Appellee, | ) On Remand from: |
| | ) C. A. NO. 03-10626 |
| vs. | ) |
| | ) MEMORANDUM IN SUPPORT |
| ALICIA VELORIA, | ) |
| | ) |
| Defendant and Appellant. | ) |
| | ) |

## MEMORANDUM IN SUPPORT

Comes now Defendant ALICIA VELORIA (hereinafter "Defendant" or "Veloria"), and hereby moves this Honorable Court to issue an order releasing Veloria pending re-sentencing for the reasons set forth below.

This Motion is brought pursuant to Rules 46(c) and 47 of the Federal Rules of Criminal Procedure and Local Rules 12.1-12.3 and 18 USC 3143.

Veloria has been imprisoned since June 13, 2003. She is presently incarcerated under federal custody at the Federal Medical Center Carswell, Fort Worth, Texas. Veloria has served 32 months of an improper 97 month sentence (as explained below) to date.

On November 3, 2003, Veloria was sentenced to 97 months in prison, a term

2

of four years supervised release, no fine, and a special assessment of $100 (Record on Appeal (hereinafter "ROA"), p. 25, doc. 167). Veloria's sentence was based on her July 3, 2003, conviction by a jury (ROA, p. 22, doc. 149), for Possession of Cocaine Base with Intent to Distribute more than 5 grams in violation of 21 USC 841(a)(1) (Count 1). Veloria was acquitted by the jury as to Count 2, Possession of Cocaine with Intent to Distribute more than 500 grams.

Judgment was filed on November 7, 2003 (ROA, p. 25, doc. 170), based on the Court's sentence. On November 4, 2003 (ROA, p. 25, doc. 168) pursuant to Federal Rules of Appellate Procedure (FRAP), Rules 3, 4(b)(1)(A)(i) and 4(b)(2), Veloria timely filed her Notice of Appeal within 10 days after the judgment or order appealed from.

The 9th Circuit Court of Appeals had jurisdiction to review Veloria's conviction and sentence pursuant to FRAP Rule 4(b) and 28 USC §§ 1291 and 1294(1).

The appeal was from the judgment of the District Court of Hawaii, which disposed of all parties and claims below and the 9th Circuit remanded 12/07/05 by Memorandum Opinion (see attached). Veloria is presently serving her prison sentence and bail is unavailable. Veloria is currently in custody with a projected release date of 2011.

The District Court sentenced Veloria to an enhanced prison term when the only factual finding made by the jury was that the amount of cocaine base involved

3

in Count 1 was "at least five grams" (Tr. 6/10, 12, 13/03, p. 27) and the court based its enhancement on facts not found by the jury such as using 22.6 grams of cocaine base found in Defendant's residence; 539.8 grams of cocaine found in Defendant's truck; and obstruction of justice based on the allegation that Defendant attempted to get government witness Wallace Iaukea to lie by sending letters to him asking him to provide false testimony during trial (Pre-sentence Investigation Report (PIR), para. 45).

This case originally stems from arrests in 1996. As noted above, Veloria was charged in a two count indictment. (ROA, doc. 1). Jury trial commenced on June 3, 2003 and concluded on June 6, 2003. Only the government presented a case in chief. The defense relied upon the principal of reasonable doubt in lieu of presenting a case in chief. At trial the government was represented by Assistant U.S. Attorney Thomas Brady. Veloria was represented by Winston Ling, who was appointed by the court. Veloria brought her appeal to challenge the trial verdict and the sentencing in this case.

Jury trial commenced on June 3, 2003, and the case was submitted to the jury on June 6. After four days of deliberation (ROA, p. 22, doc. 149), the jury convicted Defendant as to Count 1 and acquitted her as to Count 2. The only factual finding made by the jury was that the amount of cocaine base involved in Count 1 was "at least five grams" (Tr. 6/10,12,13/03, p. 27).

4

At sentencing, even though the jury only made a finding of "at least five grams" of cocaine base being involved in the case (Count 1 - cocaine base found in Defendant's residence) and acquitted Defendant of the allegation that she "possessed" the cocaine found in her truck (Count 2), the Presentence Investigation Report (PIR) calculated its Base Offense Level of 28 by using 22.6 grams of cocaine base found in Defendant's residence and 539.8 grams of cocaine found in Defendant's truck (the 539.8 grams of cocaine did not increase the Base Offense Level - 22.6 grams of cocaine base was sufficient to generate a Base Offense Level of 28 - PIR, para. 39). The PIR also added a two level adjustment to the Base Offense Level calculation for "obstruction of justice" based on the allegation that Defendant attempted to get government witness Wallace Iaukea to lie by sending letters to him "asking him to provide false testimony during trial" (PIR, para. 45). No "obstruction of justice" finding was made by the jury, and Defendant specifically contested the "obstruction of justice" finding at sentencing (ROA, p. 24, doc. 165, "Defendant's Sentencing Statement," paras. 10, 11, and 13; Tr. 11/3/03, pp. 12-19). Defendant was sentenced based on the PIR Guideline level calculation of 30 (Tr. 11/3/03, p. 20).

The sentenced Veloria to an enhanced prison term based upon the second count she was acquitted of; an allegation that she tampered with a witness by allegedly writing a letter requesting suborned testimony at trial; and other uncor-

5

roborated information found in the PSI.

The record demonstrates that Veloria was sentenced to an enhanced prison term based on conduct for which the jury did not find her guilty of at trial.

Importantly, the government has conceded that Veloria was sentenced improperly to an enhanced term. As Veloria's case has been remanded for re-sentencing and is likely to be re-sentenced to a lesser sentence, Veloria respectfully requests that this Honorable Court allow her release pending appeal (See attached Exhibits A-H).

## CONCLUSION

Defendant Veloria, based on the foregoing argument, respectfully request that this Honorable Court allow her to be released pending re-sentencing as she has already served 32 months of an improper 97 month sentence and the government has conceded that Veloria's enhanced sentence was improper and that Veloria must be re-sentenced.

DATED: Honolulu, Hawaii, February 27, 2006.

_____
SHAWN A. LUIZ

Attorney for Defendant
ALICIA VELORIA