EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY      #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00145 SOM |
| | ) | |
|       Plaintiff-Appellee, | ) | |
| | ) | UNITED STATES MEMORANDUM IN |
|   vs. | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION FOR RELEASE PENDING |
| ALICIA VELORIA, | ) | RE-SENTENCING; EXHIBITS |
| | ) | "A" - "D"; CERTIFICATE OF |
|      Defendant-Appellant.) | | SERVICE |
| | ) | |
| | ) | DATE:  March 16, 2006 |
| | ) | TIME:  10:00 a.m. |
| | ) | JUDGE: Hon. Barry M. Kurren |
| | ) | |
| | ) | Re-Sentencing Date: 04/10/06 |

### UNITED STATES MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING RE-SENTENCING

On February 27, 2006, Defendant ALICIA VELORIA ("VELORIA") filed a motion for release pending re-sentencing. For the reasons set forth below, the motion should be denied.[1]

I.    BACKGROUND

A.    The Nature of the Proceedings

In the Indictment returned on April 13, 2000, VELORIA had been charged with the following offenses:  possessing with intent to distribute in excess of five (5) grams of cocaine base (Count 1); and possessing with intent to distribute in excess of 500 grams of cocaine (Count 2).  See Government's Exhibit A.

VELORIA was arrested in Anchorage, Alaska on September 25, 2000.  During the Rule 40 proceedings, VELORIA was released and ordered to appear in the District Court for the District of Hawaii.  The Defendant was arraigned in the District of Hawaii on October 10, 2000, and the terms and conditions of her pretrial release previously set in the district of her arrest were continued.

---

[1] References to Veloria's memorandum are to "Mem"; references to Exhibits attached to Veloria's memorandum are to the appropriate letter; references to the Presentence Report are to "PSR"; and references to the Reporter's Transcript are to "RT."

B.   **Trial**

Trial commenced on June 3, 2003.  At the conclusion of all the evidence, a jury verdict was returned on June 13, 2003, finding VELORIA guilty of Count 1 of the Indictment, pursuant to 21 U.S.C. § 841.  PSR ¶ 30.  Immediately thereafter, the Government filed its Motion to Detain defendant pending sentencing in accordance with 18 U.S.C. § 3143.  See Government's Exhibit B.  After arguments by the parties, this Court granted the Government's Motion to Detain VELORIA pending sentencing. PSR ¶ 5.

C.   **Motion for New Trial**

On August 18, 2003, VELORIA filed a Motion for New Trial as to Count 1.  VELORIA argued that the district court should grant a new trial because the district court erred when it did not question all jurors as to a "heated argument" which arose during jury deliberations.  This Court denied the motion.  See Government's Exhibit C.

D.   **Sentencing Hearing**

The United States Probation Office, in preparing VELORIA's Presentence Report, opined that the evidence in this case established that the Defendant attempted to obstruct or impede the administration of justice during the course of the investigation of the offense by attempting to suborn perjury. PSR ¶s 32-33.  In addition, the report recommended no downward

3

adjustment for acceptance of responsibility as the Defendant had not acknowledged her involvement in the offense, especially in lieu of the enhancement recommendation for obstruction of justice. PSR ¶s 47. The Government supported both opinions advocated by U.S. Probation.

On November 3, 2003, VELORIA appeared before United States District Court Judge Susan Oki Mollway for sentencing. U.S. Probation, consistent with the trial evidence, opined that VELORIA should be held responsible for approximately 22.6 grams of cocaine base (Count 1), as well as 539.8 grams of cocaine (Count 2). After conversion, VELORIA was held accountable for 559.96 kilograms of marijuana with a base offense of 28. PSR ¶s 39-41.

The district court also assessed a four-level upward adjustment for VELORIA's role in the offense as well as a two level upward adjustment for obstruction of justice. PSR ¶ 45. VELORIA's total offense level was assessed at 30, criminal history category of I, with a guideline range of 97 to 121 months imprisonment. PSR ¶ 80. VELORIA was sentenced to 97 months imprisonment.

## II. __ARGUMENT__

The Bail Reform Act, 18 U.S.C. § 3143(b), reversed the former presumption in favor of release pending appeal. Under § 3143(b), once a defendant is convicted, the court __must__ order

4

detention unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any person or the community.  See 18 U.S.C. § 3143(b)(1)(A).  The defendant bears the burden of establishing the absence of these factors.  See Fed. R. App. P. 9(c); Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

In addition, before a court can allow release, it must find that the defendant's appeal raises a "substantial question of law or fact" likely to result in a reversal, a new trial a sentence with no imprisonment, or a sentence less than the total already served, including the expected length of the appeal process.  18 U.S.C. § 3143(b)(1)(B). Such circumstances do not exist in this case. In deed, the Ninth Circuit Court of Appeals has affirmed VELORIA's conviction and in light of Booker, has remanded the sentence to this Court "to answer the question whether [Veloria's] sentence would have been different had the court known that the Guidelines were advisory."

### A.  **Veloria has not shown by clear and convincing evidence that she is not likely to flee.**

While pending appeal, VELORIA moved for release based upon the same arguments presented here.  The Ninth Circuit Court of Appeals denied VELORIA's motion for bail pending appeal. VELORIA alleges that because she was sentenced to an enhanced

prison term based upon judicial rather than jury findings, she is "likely to be re-sentenced to a lesser sentence," and therefore, should be released pending re-sentencing.  That argument falls short for several reasons.

As found by this Court, VELORIA's situation changed dramatically upon the jury's verdict of guilt.  This Court stated:

> Well, my concern is that, even though she has been out on bail for a long time and has complied with the conditions of bail, that the circumstances of being found guilty may well change her state of mind. When people are awaiting trial, they often are anticipating that they will be acquitted of charges, and so working toward the day of trial they may not feel motivated to flee or otherwise violate conditions of bail. But that is not the mindset that people who have been found guilty can have anymore, and that's my concern.

Government's Exhibit D, at p. 30.

In addition, this Court was concerned with VELORIA's attempt to influence the testimony of other witnesses.  Indeed, this Court later made a finding that VELORIA had obstructed justice.  PSR ¶ 45.

In sum, VELORIA has not come even close to meeting her burden of proving by clear and convincing evidence that she is not a flight risk.  This Court had numerous opportunities to observe VELORIA's demeanor and to consider all of the factors set

forth in 18 U.S.C. § 3142(g) when it found that VELORIA had not met her burden.  Those factual findings are still valid.

### B.    The remand for re-sentencing does <u>not</u> raise substantial issues likely to result in a substantial reduction in Veloria's sentence.

VELORIA identifies the sentencing enhancement issues that she claims are "substantial" and are likely to result in a substantial reduction in her term of imprisonment.  Those sentencing issues, however, falls far short of that claim.

VELORIA challenges this Court's findings relating to VELORIA's sentencing enhancements.  On appeal, the Government conceded, in light of <u>United States v. Booker</u>,, 125 S.Ct. 738 (2005), that the preservation of VELORIA's rights at the time of sentencing, as well as the fact that this Court sentenced VELORIA to the low end of her guideline range, that this Court plainly erred.[2]  However, the Government disputed on appeal, and disputes now that VELORIA will be re-sentenced to a lesser sentence. Indeed, the Government anticipates that VELORIA will receive the same sentence and such a sentence will be "reasonable" given the facts and circumstances of this case.

//

//

---

2 The government of course offered no criticism of this Court, who followed the law and procedure in effect at the time of Veloria's sentencing.

7

III. **<u>CONCLUSION</u>**

      VELORIA has not met her burden under § 3143(b) and her

Motion for Bail should be denied.

      Dated: March 3, 2006, at Honolulu, Hawaii.

                     EDWARD H. KUBO, JR.
                     United States Attorney
                     District of Hawaii


                 By <u>/s/ Thomas J. Brady</u>
                     THOMAS J. BRADY
                     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:


Served by First Class Mail:

SHAWN A. LUIZ, ESQ.                   March 3, 2006
810 Richards Street, Suite 800
Honolulu, Hawaii 96813

Attorney for Defendant
ALICIA VELORIA


DATED:  Honolulu, Hawaii, March 3, 2006.


/s/ M. Derby-Taufa'asau