EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

THOMAS J. BRADY  #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 3 2003

at 3 o'clock and ___ min. ___
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00145 SOM |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING SENTENCING; CERTIFICATE OF SERVICE |
| vs. | ) | |
| ALICIA VELORIA, | ) | DATE:  June 12, 2003 |
| Defendant. | ) | TIME:  9:00 a.m. |
|  | ) | JUDGE: Susan Oki Mollway |

GOVERNMENT'S MOTION TO DETAIN
DEFENDANT PENDING SENTENCING

I.    INTRODUCTION

The Government seeks to detain defendant ALICIA VELORIA (hereinafter "VELORIA") pending sentencing in the above-entitled matter pursuant to 18 U.S.C. § 3143(a)(2).  VELORIA has been found guilty by jury verdict of a crime for which a maximum term of imprisonment of 40 years is proscribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).  VELORIA presents a flight risk as well as a risk of danger to other persons and the

EXHIBIT "B"

community and that there are no conditions or combination of conditions of release which will reasonably assure VELORIA's appearance as required pursuant to 18 U.S.C. § 3142(e) nor assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(d).

## II.  PROCEDURAL BACKGROUND

In the Indictment returned on April 13, 2000, defendant Alicia Veloria (hereinafter "VELORIA") has been charged with the following offenses: possessing with intent to distribute in excess of five (5) grams of cocaine base (Count 1); and possessing with intent to distribute in excess of 500 grams of cocaine (Count 2). (See Indictment).

VELORIA was arrested in Anchorage, Alaska on September 25, 2000. During the Rule 40 proceedings, VELORIA was released and ordered to appear in the District Court for the District of Hawaii. (See Federal Rules of Criminal Procedure, Rule 40). The defendant was arraigned in the District of Hawaii on October 10, 2000, and the terms and conditions of her pretrial release previously set in the district of her arrest were continued.

Since then, VELORIA has continued trial numerous times and has sought and obtained new court appointed counsel.[1] Trial

---

[1] Defendant Veloria's original trial counsel, First Assistant Federal Public Defender Alexander Silvert was replaced by Emmanuel Guerrero, who was subsequently replaced by current counsel, Winston Ling.

commenced on June 3, 2003. A jury verdict was returned on June 12, 2003, finding VELORIA guilty of a crime for which a maximum term of imprisonment of 40 years is proscribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

### III. ARGUMENT

The 1984 Bail Reform Act incorporates a rebuttable presumption, at the pretrial stage, that no condition or combination of conditions of release will reasonably assure the appearance of the person, as required, where the court has probable cause to believe the defendant committed a crime of violence or one involving narcotics, where a maximum term of 10 years' imprisonment is prescribed by federal drug and firearm laws. 18 U.S.C. § 3142(e). The courts have incorporated this "rebuttable presumption" in post-judgment detention motions, based upon the fact of the conviction.

> This approach comports with the expressed congressional intent, replete in the legislative history of the 1984 Act, that in determining whether to release a person judged guilty, the conviction be presumed correct. The effect of this interpretation has been to place a greater onus of proof on upon the defendant to rebut the presumption in law and to establish by clear and convincing evidence that he will not flee.

"What constitutes a Risk of Flight so as to Render a Federal Criminal Defendant Ineligible for Bail Prior to Sentence or Pending Appeal"; Robin C. Larner, American Law Reports, 1986.

It is the Government's position that defendant VELORIA has engaged in, and been found guilty of, an extremely serious narcotic offense involving a possible term of substantial

incarceration. The government would further submit that with respect to the nature and circumstances of the offense, the evidence of guilt was overwhelming. Additionally, the evidence adduced at trial raised questions of suborning perjury by VELORIA. With that in mind, the defendant, facing a long prison term, has an additional incentive to flee the jurisdiction.

Pursuant to 18 U.S.C. § 3143(a)(2), the law requires that this Court:

> [s]hall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless -
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(emphasis added). One of the categories to which the special conditions of subsection 3143(a)(2) apply are drug offenses carrying a maximum term of ten years or more.[2]

---

[2] Both Count 1 and 2 of the Indictment carry a mandatory minimum five (5) years to 40 years imprisonment penalty pursuant to 21 U.S.C. § 841(b)(B).

4

Thus, a defendant awaiting imposition or execution of sentence shall be detained unless one of the two above conditions are met. The government submits that there is virtually no scenario that would compel the government not to seek a sentence of imprisonment for the defendant. Nor does it appear likely that this Court, given the facts and circumstances of this case, would rule that there is substantial likelihood that a motion for acquittal or new trial will be granted. Thus, as a matter of law, the defendant should be detained pending sentencing in this matter.

In Bloomer, the Second Circuit Court of Appeals held that the provisions of 3143(a) become applicable the moment the jury verdict was "returned by the jury to the judge in open court." United States v. Bloomer, 967 F.2d 761, 763 (2nd Cir. 1992). The government submits that the defendant's detention should commence immediately.

The government submits that this Court need not reach a determination as to whether or not the defendant presents either a flight or danger risk if this Court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted.[3] However, it is anticipated that VELORIA will argue for her continued release pending sentencing and appeal

---

[3] The government has already stated that it will seek a sentence of imprisonment in this matter.

based upon non-risk factors regarding flight and dangerousness to the community.

Like VELORIA, the defendant in Kenney was convicted of conspiracy to possess cocaine. Despite evidence that the defendant appeared in court before the court whenever summoned, the court revoked the defendant's bail upon sentencing citing that in view of the lengthy prison term imposed, the likelihood of flight was much enhanced over what that which the defendant faced prior to trial. United States v. Kenney, 603 F.Supp. 936 (D.C. Me. 1985). Likewise, In DiSalvo, the court held, "Where the defendant has been not merely charged, but convicted of such offenses, both the risk of flight and the danger to the community are heightened, while the countervailing concern over incarcerating a defendant before he has been judged by a jury of his peers disappears. Consequently, the strength of the presumption in favor of immediate incarceration is much greater in the post-conviction contexts." United States v. DiSalvo, 609 F.Supp. 907 (D.C. Pa. 1985).

The government's proffer and the totality of the record indicates that VELORIA is likely to flee pending sentencing in this matter. At trial, the government presented evidence that VELORIA engaged in conduct that can only be categorized as obstruction of justice. Wallace Iaukea testified that he had numerous contacts with VELORIA, including type-written letters

directly from VELORIA instructing Mr. Iaukea to testify falsely at trial in this matter. (See Government's Exhibit 27). In addition, VELORIA's closing remarks, made through her counsel, were in direct contradiction of VELORIA's proffered statement made on September 3, 2001. Given VELORIA's numerous delays prior to trial as well as her conduct at trial indicate VELORIA's disposition to either flee or fail to conform her conduct to the requirements of the law.

### IV. CONCLUSION

The government submits that as a matter of law, as well as the facts and circumstances in this case, VELORIA presents both a flight and danger risk and should be detained immediately pending sentencing in this matter.

DATED: June 11, 2003, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
THOMAS J. BRADY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following person on June 12, 2003:

    WINSTON D.M. LING        **HAND-DELIVERED**
    P.O. Box 700406
    Kapolei, Hawaii    96709

    Counsel for Alicia Veloria

DATED: June 12, 2003, at Honolulu, Hawaii.

_____