FILED IN THE
UNITED STATES DISTRICT C
DISTRICT OF HAWAII

SEP 0 9 2003

at _10_ o'clock and _20_min. _6_
WALTER A. Y. H. CHINN, CLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA, )  CR. NO. 00-00145 SOM
                          )
          Plaintiff,      )
                          )
     vs.                  )  ORDER DENYING DEFENDANT
                          )  VELORIA'S MOTION FOR NEW
ALICIA VELORIA,           )  TRIAL AS TO COUNT 1
                          )
          Defendant.      )
_____)

## ORDER DENYING DEFENDANT VELORIA'S
## MOTION FOR NEW TRIAL AS TO COUNT 1

I.    INTRODUCTION.

Following a jury trial before this court, Defendant Alicia Veloria ("Veloria") was found guilty of possession with intent to distribute in excess of 5 grams of cocaine base (Count 1 of the indictment). Veloria now seeks a new trial as to Count 1, arguing that the court erred by not questioning the members of the jury as to whether they had been influenced by an alleged argument between two of the jurors during deliberations. In her motion, Veloria requests an evidentiary hearing.

Because Veloria agreed during trial on the manner in which to address the alleged argument between two jurors, her present motion is DENIED without a hearing.[1]

_____

[1]    This court has granted Veloria's motion for an extension of time to seek a new trial on other grounds. The court will consider any argument based on other grounds to be a supplement to the present motion for new trial, but the court sees no reason to delay ruling with respect to the ground presently urged. The parties have been previously informed that



EXHIBIT "C"

II.      BACKGROUND.

          This drug distribution case was tried to a jury.  On
the morning of what was to be the third day of jury
deliberations, before the jury even convened to resume its
deliberations, court personnel informed the court that one juror,
Mr. Kuramoto, claimed to have been threatened during the previous
day's deliberations by another juror, Mr. Paulino.  By the time
the court was informed of this, the United States Marshals had
placed Kuramoto in a room by himself away from the other jurors,
including Paulino, who were in the jury lounge.  The other jurors
were not told that Kuramoto was being deliberately separated and
apparently had no reason to think that Kuramoto had informed the
court of anything.

          The court consulted with counsel for both parties as to
how the court should proceed.  After the court explained to
counsel that Kuramoto had been separated from the other jurors by
the marshals, Winston Ling, counsel for Veloria, stated, "I think
what the court should do is at least inquire of that particular
juror what happened."  The court then asked, "So the defense
position is to inquire of the juror who's the alleged victim; is
that right?"  Ling answered, "Yes, Your Honor."  Ling then said

_____

briefing on the present issue should proceed in accordance with
the court's Local Rules.

2

that he thought that the court should question Kuramoto off the record without counsel present.

Kuramoto conferred with the court privately in chambers. Kuramoto told the court that, during a heated exchange, he had said to Paulino, "Shut up, you big fat fuck, and shove it up your ass," or words to that effect. Paulino had become angry, stood up, and said, "Let's take it outside." At that point, the foreperson had suggested that the jury take a break. The jury then decided to send the court a note asking to be excused for the day, and the court, unaware of the reason for the request, allowed the jury to adjourn. Kuramoto did not tell the court what the jurors were arguing about or anything about the various jurors' positions with respect to the case.

After talking with Kuramoto, the court met with the attorneys and asked for their views on how the court should proceed. Ling said, "The one concern I have with Mr. Kuramoto is whether or not [the incident with Paulino] would solidify [Kuramoto's] position against Paulino." The court told Ling that it had inquired of Kuramoto whether the exchange would affect his deliberations as a juror, and Kuramoto had answered that it would not.

The court then suggested that Kuramoto be sent to rejoin the other jurors and that the jury be instructed to resume its deliberations. The court also suggested that Kuramoto be

3

instructed not to tell the other jurors about his conversation with the court. Veloria agreed with the court's suggested course of action.

The court spoke to Kuramoto and gave him and the other jurors the instructions to which counsel had agreed. The jury returned a verdict late that afternoon.

III.    ANALYSIS.

The motion for new trial as to Count 1 is denied. Veloria argues that the court erred by not questioning Paulino regarding whether his deliberations were affected by his exchange with Kuramoto. Veloria also argues that the court should have inquired as to whether the exchange between Kuramoto and Paulino affected the other jurors' deliberations.

Veloria cannot take one position during trial, then, unhappy with the verdict, complain that the court should have done something different from what Veloria agreed to. She did not object to the court's course of action at the time that it was proposed. Instead, Veloria stated her agreement with the court's proposal that no juror other than Kuramoto be questioned, that Kuramoto be told not to tell the other jurors that he had spoken with the judge, and that the jury be instructed to resume deliberations.

Not only did Veloria agree to the action taken by the court, she fails to show that she was prejudiced by that action.

4

It was certainly within the court's discretion to conclude that
questioning each and every juror regarding the effect of the
exchange between Paulino and Kuramoto might have a prejudicial
effect on jury deliberations.  Even questioning Paulino
separately might have highlighted the matter unduly and created
rather than prevented animosity or prejudice.

Whether and how to hold a hearing on allegations of
juror bias is a matter within the trial judge's discretion.
United States v. Ivester, 316 F.3d 955, 960 (9th Cir. 2003).
"Usually, an allegation of juror bias is met with a hearing,
giving the defendant an opportunity to prove actual bias."  Id.
(citing United States v. Madrid, 842 F.2d 1090, 1094 (9th Cir.
1988)).  However, a hearing is required only if the court finds a
reasonable possibility of prejudice.  Id.  Here, not only was
there no such finding, there was not even a timely *allegation* of
juror bias.  Far from alleging bias at the time, Veloria agreed
with the court's handling of the matter.  Her present belated
allegation is not based on new evidence but rather on a post-
conviction review of matters that she was aware of during the
trial itself.

In support of her arguments, Veloria cites only one
case, a Third Circuit case regarding premature jury
deliberations.  See United States v. Resko, 3 F.3d 684 (3d Cir.

5

1993). There is no allegation or evidence of premature jury deliberations in this case.

Finally, even assuming Veloria could be said to have timely alleged juror bias, she does not explain what relevant evidence she could and would present at an evidentiary hearing on the present motion to make the necessary showing of prejudice.

IV.      CONCLUSION.

For the foregoing reasons, the motion for a new trial as to Count 1 is DENIED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, September 9, 2003.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

United States v. Veloria, Cr. No. 00-00145 SOM; Order Denying Defendant
Veloria's Motion for New Trial as to Count 1.

6