**ORIGINAL**

SHAWN A. LUIZ 6855
Attorney at Law
City Center, Suite 800
810 Richards Street
Honolulu, Hawaii 96813
Tel. (808) 538-0500
Fax (808) 538-0600
E-mail: attorneyluiz@MSN.com

Attorney for Defendant
ALICIA VELORIA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2006

at __3__ o'clock and __35__min __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 00-00145-SOM |
| Plaintiff, | (USDC – Hawaii) |
| vs. | On Remand from: |
| | C. A. NO. 03-10626 |
| ALICIA VELORIA, | DEFENDANT ALICIA VELORIA'S MEMORANDUM IN SUPPORT OF SENTENCING REDUCTION; DECLARATION OF COUNSEL; EXHIBITS "A"-"K"; CERTIFICATE OF SERVICE |
| Defendant. | |
| | Re-Sentencing Date: April 10, 2006 |
| | Time: 2:15 p.m. |
| | Honorable Susan Oki Mollway |

DEFENDANT ALICIA VELORIA'S MEMORANDUM IN SUPPORT OF
SENTENCING REDUCTION

Comes now Defendant ALICIA VELORIA (hereinafter "Defendant" or "Veloria"), by and through CJA court-appointed counsel, SHAWN A. LUIZ, and hereby moves this Honorable Court to issue an order granting a REDUCED SENTENCE for the reasons set forth below. This Request is based upon this Memorandum in Support, the Declarations and Exhibits attached thereto, the records and files in this case, and upon such further evidence and argument as may be presented prior to or during a hearing on this motion.

I.  <u>Summary of Prior Proceedings</u>

Veloria has been imprisoned since June 13, 2003. She was last incarcerated under federal custody at the Federal Medical Center Carswell, Fort Worth, Texas and is currently being held at the Federal Detention Center, Honolulu, Hawaii. Veloria has served 33 months of a 97 month sentence to date.

On November 3, 2003, Veloria was sentenced to 97 months in prison, a term of four years supervised release, no fine, and a special assessment of $100 (Record on Appeal (hereinafter "ROA"), p. 25, doc. 167). Veloria's sentence was based on her July 3, 2003, conviction by a jury (ROA, p. 22, doc. 149), for Possession of Cocaine Base with Intent to Distribute more than 5 grams in violation of 21 USC 841(a)(1) (Count 1). Veloria was acquitted by the jury as to Count 2, Possession of Cocaine with Intent to Distribute more than 500 grams.

Judgment was filed on November 7, 2003 (ROA, p. 25, doc. 170), based on

the Court's sentence. On November 4, 2003 (ROA, p. 25, doc. 168) pursuant to Federal Rules of Appellate Procedure (FRAP), Rules 3, 4(b)(1)(A)(i) and 4(b)(2), Veloria timely filed her Notice of Appeal within 10 days after the judgment or order appealed from.

The 9th Circuit Court of Appeals had jurisdiction to review Veloria's conviction and sentence pursuant to FRAP Rule 4(b) and 28 USC §§ 1291 and 1294(1).

The appeal was from the judgment of the District Court of Hawaii, which disposed of all parties and claims below and the 9th Circuit remanded 12/07/05 by Memorandum Opinion (see attached). Veloria is presently serving her prison sentence and bail is unavailable. Veloria is currently in custody with a projected release date of 2010.

The District Court sentenced Veloria to an enhanced prison term when the only factual finding made by the jury was that the amount of cocaine base involved in Count 1 was "at least five grams" (Tr. 6/10, 12, 13/03, p. 27) and the court based its enhancement on facts not found by the jury such as using 22.6 grams of cocaine base found in Defendant's residence; 539.8 grams of cocaine found in Defendant's truck; and obstruction of justice based on the allegation that Defendant attempted to get government witness Wallace Iaukea to lie by sending letters to him asking him to provide false testimony during trial (Pre-sentence Investigation Report (PIR), para. 45).

2

This case originally stems from arrests in 1996. As noted above, Veloria was charged in a two count indictment. (ROA, doc. 1). Jury trial commenced on June 3, 2003 and concluded on June 6, 2003. Only the government presented a case in chief. The defense relied upon the principal of reasonable doubt in lieu of presenting a case in chief. At trial the government was represented by Assistant U.S. Attorney Thomas Brady. Veloria was represented by Winston Ling, who was appointed by the court. Veloria brought her appeal to challenge the trial verdict and the sentencing in this case.

Jury trial commenced on June 3, 2003, and the case was submitted to the jury on June 6. After four days of deliberation (ROA, p. 22, doc. 149), the jury convicted Defendant as to Count 1 and acquitted her as to Count 2. The only factual finding made by the jury was that the amount of cocaine base involved in Count 1 was "at least five grams" (Tr. 6/10,12,13/03, p. 27).

At sentencing, even though the jury only made a finding of "at least five grams" of cocaine base being involved in the case (Count 1 - cocaine base found in Defendant's residence) and acquitted Defendant of the allegation that she "possessed" the cocaine found in her truck (Count 2), the Presentence Investigation Report (PIR) calculated its Base Offense Level of 28 by using 22.6 grams of cocaine base found in Defendant's residence and 539.8 grams of cocaine found in Defendant's truck (the 539.8 grams of cocaine did not increase the Base Offense

3

Level - 22.6 grams of cocaine base was sufficient to generate a Base Offense Level of 28 - PIR, para. 39). The PIR also added a two level adjustment to the Base Offense Level calculation for "obstruction of justice" based on the allegation that Defendant attempted to get government witness Wallace Iaukea to lie by sending letters to him "asking him to provide false testimony during trial" (PIR, para. 45). No "obstruction of justice" finding was made by the jury, and Defendant specifically contested the "obstruction of justice" finding at sentencing (ROA, p. 24, doc. 165, "Defendant's Sentencing Statement," paras. 10, 11, and 13; Tr. 11/3/03, pp. 12-19). Defendant was sentenced based on the PIR Guideline level calculation of 30 (Tr. 11/3/03, p. 20).

The Court ultimately sentenced Veloria to an enhanced prison term based upon the second count she was acquitted of; an allegation that she tampered with a witness by allegedly writing a letter requesting suborned testimony at trial; and other uncorroborated information found in the PSI.

The record demonstrates that Veloria was sentenced to an enhanced prison term based on conduct for which the jury did not find her guilty of at trial.

Importantly, the government has conceded that Veloria was sentenced improperly to an enhanced term. As Veloria's case has been remanded, Veloria respectfully requests that this Honorable Court re-sentence her to a lesser sentence (See attached Exhibits A-K).

Veloria has no conviction by a jury for obstruction of justice which the government refers to repeatedly in this case as required by the 6th amendment (trial by jury) to hold against her in assessing the instant motion. The additional drug count in this case, Count II, was never proven to the jury. Therefore, the only amount at issue in assessing the instant motion was the "in excess of 5 gram amount" of cocaine base and not the 22.6 gram or in excess of 500 gram amount (539.8) that the government refers to repeatedly in this case.

Veloria should have been assessed at 24 total offense level, not 30. A 4 point reduction is mandated for the upward departure based on Blakely. An additional 2 point reduction is mandated for the upward departure for obstruction based on Blakely.

II.   Argument

In United States v. Booker, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005), the Supreme Court concluded that its Apprendi and Blakely decisions applied to the United States Sentencing Guidelines; under the Sixth Amendment, any fact other than a prior conviction that was necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict had to be admitted by a defendant or proved to a jury beyond a reasonable doubt. Therefore, 18 U.S.C.S. §§ 3553(b)(1) and 3742(e) were unconstitutional. The Guidelines were effectively advisory rather than mandatory; district courts were

5

required to take the Guidelines into account but were not bound to apply them; Review of sentencing decisions was to be subject to an unreasonableness standard; and finally the Court's ruling was applicable to all cases on direct review.

In Booker, the United States Supreme Court noted several cases of jurisprudential significance. First, that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Second, that the Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged. United States v. Gaudin, 515 U.S. 506, 511, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995).

The Supreme Court also noted that as the enhancements became greater, the jury's finding of the underlying crime became less significant, and "the enhancements became very serious indeed". See, e.g., Jones, 526 U.S., at 230-231, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (judge's finding increased the maximum sentence from 15 to 25 years); respondent Booker (from 262 months to a life sentence); respondent Fanfan (from 78 to 235 months); United States v. Rodriguez, 73 F.3d 161, 162-163 (CA7 1996) (Posner, C. J., dissenting from denial of rehearing en banc) (from approximately 54 months to a life sentence); United States v. Hammoud, 381 F.3d 316, 361-362 (CA4 2004) (en banc) (Motz, J., dissenting) (actual sentence in-

6

creased from 57 months to 155 years). Booker at 752.

In Booker, Supreme Court reaffirmed its holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

The Supreme Court also held that without its "mandatory" provision and related language, the Guidelines remain consistent with Congress' initial and basic sentencing intent to "provide certainty and fairness in meeting the purposes of sentencing, while avoiding unwarranted sentencing disparities and maintaining sufficient flexibility to permit individualized sentences when warranted." 28 USC § 991(b)(1)(B); see also USSG § 1A1.1, application note (explaining that Congress sought to achieve "honesty," "uniformity," and "proportionality" in sentencing. Without the mandatory features that Congress enacted, the Guidelines retain other features that help to further these objectives.

The Sentencing Commission is free to continue writing Guidelines, collecting information about actual district court sentencing decisions, undertaking research, and revising the Guidelines accordingly. See 28 USC § 994 (main ed. and Supp. 2004) [28 USCS § 994]. The district courts, while no longer bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 USC §§ 3553 (a)(4), (5) (Supp. 2004). The courts of appeals will

7

review sentencing decisions for unreasonableness. The goal is to help to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary. See 28 USC § 991(b).

In United States v. Ameline, 409 F.3d 1073 (2005), decided *En Banc*, the Ninth Circuit Court of Appeals authorized a limited remand procedure whereby the question of whether the district court would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory. The limited remand procedure is to assess the existence of plain error in *pre-Booker* sentencing appeals. Veloria maintains that her sentence was unreasonable based on the 6 point enhancement for facts not found by a jury as required by Blakely; that if the Guidelines were no longer mandatory that her sentence should be materially different to reflect the unjust result in this case which the District Judge may have felt bound pre-Booker; that a reduced sentence based on the individualized facts of this case is warranted to reflect integrity for the law. Veloria respectfully requests that this Honorable Court adjust her sentence downward by the 6 point adjustment, and further based on the impeccable conduct Veloria demonstrated while she was incarcerated the last 33 months. The 6th amendment prohibits enhancing a sentence for facts not stipulated to or found by a jury. See Benton v. Maryland, 395 U.S. 784 (1969). See Rutledge v. U.S. 517 U.S. 292 (1996)(Imposition of Multiple punishments is prohibited even if the sentences

run concurrently).

A defendant's sentence should reflect "his predisposition, his capacity to commit the crime on his own, and the extent of his culpability." United States v. Staufer, 38 F.3d 1103, 1107 (9th Cir. 1994).

18 U.S.C. § 3553(b) provides (in part): The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(a) provides, in part, that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph (2) lists several purposes: the need for the sentence imposed A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant, and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In USA v. Caperna, 251 F.3d 827 (2001), at a sentencing hearing, the district court calculated Caperna's applicable guideline range to be fifty-seven to seventy-one months. The court departed downward from this range and sentenced Caperna

9

to thirty-six months in prison.

In United States v. Daas, 198 F.3d 1167, 1180-81 (9th Cir. 1999), the 9th Circuit held that a downward departure is proper under the appropriate circumstances." Id. See also United States v. Green, 105 F.3d 1321, 1322 (9th Cir. 1997) (noting that this court does "not search the record for permissible reasons for departure" but instead "analyze[s] the reasons actually given by the district court.").

Veloria's sentence must be adjusted post-Booker, now that the guidelines are no longer mandatory, in light of the fact that 6 additional points were for facts not found by a jury and that in imposing the sentence in can only be concluded that this Honorable Court acted as if it was bound by the Guidelines pre-Booker.

In United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990), the Court held that the sentencing court did have the discretion to depart downward if the career offender classification overrepresented the defendant's past crimes and the likelihood of future crimes. Id. at 554-55.

The court's silence regarding whether it had authority to depart is not sufficient indication that it believed that it lacked discretion to depart." United States v. Brown, 985 F.2d 478, 480 (9th Cir. 1993).

III.   CONCLUSION

Defendant Veloria, based on the foregoing argument, respectfully request that this Honorable Court re-sentence her to a lesser sentence, namely 34 months (See attached Exhibits A-K).

DATED: Honolulu, Hawaii, March 13, 2006.

                                                    SHAWN A. LUIZ

                                                    Attorney for Defendant
                                                    ALICIA VELORIA