VELORIA should be held responsible for approximately 22.6 grams of cocaine base (Count 1), as well as 539.8 grams of cocaine (Count 2). After conversion, VELORIA was held accountable for 559.96 kilograms of marijuana with a base offense of 28. PSR ¶s 39-41.

The district court also assessed a four-level upward adjustment for VELORIA's role in the offense as well as a two level upward adjustment for obstruction of justice. PSR ¶ 45. VELORIA's total offense level was assessed at 30, criminal history category of I, with a guideline range of 97 to 121 months imprisonment. PSR ¶ 80.

In her sentencing statement, VELORIA objected to the entire factual summary of the offense conduct, the amount of drugs attributable to VELORIA, as well as the upward adjustments based upon role and obstruction of justice. PSR Addendum pg. 1A-6A.

IV. SUMMARY OF THE ARGUMENT

    A. Pursuant to Booker, the Government Concedes that the District Court Improperly Sentenced the Defendant

        1. Standard of Review

The constitutionality of a sentence is reviewed de novo. United States v. Mezas De Jesus, 217 F.3d 638 (9th Cir. 2000).

EXHIBIT "A"

7

2.  Veloria is Entitled to a Sentencing Rehearing Based Upon Veloria's Sentencing Objections to Relevant Conduct and Other <u>Sentencing Enhancements</u>

The United States Supreme Court has recently held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." <u>Id.</u> at 24.

VELORIA challenged the district court's findings relating to VELORIA's sentencing enhancements. The government's position, in light of <u>Booker</u>, concedes that the preservation of VELORIA's rights at the time of sentencing, as well as the fact that the district court sentenced VELORIA to the low end of her

8

guideline range, is that the district court plainly erred in this regard.[6]

## VI. CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court vacate the sentence and remand to the district court for re-sentencing on all issues raised in this appeal consistent with the remedial scheme set forth in Justice Breyer's opinion for the Court in Booker. See United States v. Booker, 125 S.Ct. 738 (2005).

DATED: April 25, 2005, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____/s/_____
THOMAS J. BRADY
Assistant U.S. Attorney

Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

---

[6] The government of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of VELORIA's sentencing.

The government respectfully reserves the right to request supplemental briefing pursuant to the pending decision in United States v. Ameline, ___ F.3d ___, 2005 WL 350811 (9th Cir. Mont.) (Feb. 10, 2005).

9