UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 03-10626 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-00-00145-SOM |
| V. | |
| ALICIA VELORIA, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED IN CONVICTION; REMANDED IN SENTENCE.**

Filed and entered 12/07/05

EXHIBIT _H_




Cathy A. Catterson
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

(415) 556-9800

December 29, 2005

USDC, Hawaii
District of Hawaii (Honolulu)
United States Courthouse
Honolulu, HI 96850

| No. | Title | Agency/D.C. No. |
|---|---|---|
| 03-10626 | USA v. Veloria | CR-00-00145-SOM |

Dear Clerk:

The following document in the above listed cause is being sent to you under cover of this letter.

- *Certified copy of the Decree of the Court*

The record on appeal will follow under separate cover. Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

Cathy A. Catterson
Clerk of Court

By: Allison Fung
Deputy Clerk

Enclosure(s)
cc: All Counsel

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 07 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 03-10626 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-00-00145-SOM |
| v. | |
| ALICIA VELORIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted November 18, 2005**
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Alicia Veloria, who was found guilty of possession with intent to distribute in excess of five grams of cocaine base under 21 U.S.C. § 841(a)(1), appeals both her conviction and sentence. We conclude that Veloria is entitled to a limited

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), but we affirm her conviction in all respects.

Veloria's juror misconduct claim is foreclosed by her attorney's express consent to the district court's handling of the situation. *United States v. McFarland*, 34 F.3d 1508, 1512 (9th Cir. 1994) (the doctrine of invited error applies where the "trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action"). Even if Veloria had objected to the district court's handling of this matter, her claim would still fail because the "alleged misconduct was thoroughly investigated by the district court, and its effect cured by ensuring that [the threatened juror] no longer felt intimidated." *United States v. Smith*, 424 F.3d 992, 1014 (9th Cir. 2005).

Veloria's evidentiary challenges are also unavailing. She disputes two of the court's evidentiary rulings. First, she argues that she received inadequate pretrial notice about the testimony of two witnesses. *See* Fed. R. Evid. 404(b). But the district court properly admitted this testimony, because Veloria's counsel had access to the underlying evidence long before trial. *See United States v. Erickson*, 75 F.3d 470, 478 (9th Cir. 1996). Moreover, even if these witnesses' testimony should not have been admitted, any such error was harmless. Their

testimony was limited and vague, especially when contrasted with the extensive testimony that the jury heard regarding the police search of Veloria's house.

Second, Veloria contends that the district court abused its discretion by admitting a letter without proper authentication. But the government properly authenticated the letter several different ways, including through the testimony of a "witness with knowledge." Fed. R. Evid. 901(b)(1); *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996). There was no abuse of discretion.

Veloria's sentence was imposed by the district court prior to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738, 749-50 (2005). In light of *Booker*, we remand the sentence to the district court "to answer the question whether [Veloria's] sentence would have been different had the court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1079.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**