EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00145 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR RELEASE PENDING RE- |
| vs. | ) | SENTENCING |
| | ) | |
| ALICIA VELORIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE PENDING RE-SENTENCING

The Defendant's motion for release pending re-sentencing came on for hearing on March 16, 2006, before this Court.  Thomas J. Brady, Assistant United States Attorney, appeared on behalf of the United States and Stuart A. Luiz, appeared on behalf of defendant ALICIA VELORIA (hereinafter "VELORIA").

Upon consideration of the motion submitted in connection with the matter and the argument of counsel at the hearing, this Court denied VELORIA's motion for release pending re-sentencing and made the following conclusions of law:

CONCLUSIONS OF LAW

1. That under § 3143(b), once a defendant is convicted, the court **must** order detention unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any person or the community. See 18 U.S.C. § 3143(b)(1)(A). The defendant bears the burden of establishing the absence of these factors, and in this case, VELORIA has failed to carry that burden. See Fed. R. App. P. 9(c); Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

2. Nor has the Defendant clearly shown that there are exceptional reasons, pursuant to 18 U.S.C. § 3145(c) why detention is not appropriate in this case, given that the Defendant is currently scheduled for re-sentencing on April 10, 2006 before the Honorable Susan Oki Mollway;

3. That the Government has previously shown, by a preponderance of the evidence, that defendant presents a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A);

4. That the Government has previously shown, by clear and convincing evidence, that defendant presents a danger to other persons and the community;

5. That, at this time, there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required pursuant to 18 U.S.C. § 3142(e); and

6. That there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(d);

Therefore, for the reasons stated in court on March 16, 2006,

IT IS HEREBY ORDERED that the Defendant's motion for release pending re-sentencing is denied. Defendant ALICIA VELORIA is to be detained without bail. Pursuant to 18 U.S.C. § 3142(I), it is further ordered that:

1. Defendant ALICIA VELORIA is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant ALICIA VELORIA shall be afforded

reasonable opportunity for private consultation with defense counsel; and

      3.   Upon order of this Court or on the request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver his person to a United States Marshal for the purpose of appearances in connection with court proceedings herein.

      IT IS SO ORDERED.



/S/ Barry M. Kurren
United States Magistrate Judge
Dated:  March 17, 2006

United States vs. Alicia Veloria
Cr. No. 00-00145 SOM
ORDER DENYING DEFENDANT'S MOTION
FOR RELEASE PENDING RE-SENTENCING