Trial transcript of U.S. v. Veloria, Cr. No. 00-00145 SOM, June 5, 2003, p. 6.

6

```
 1  second circuit cases, one is U.S. vs. Laursen,
 2  L-a-u-r-s-e-n, which I only have a Westlaw cite, 2000
 3  Westlaw 169 3537.  This is a 2000 case in the southern
 4  district of New York.
 5          I also have United States vs. Fronk,
 6  F-r-o-n-k, at 137 FRD 159.  This is a western district
 7  of New York '97 case.  And both of these are pretty
 8  similar in terms of facts where there were proffer
 9  letters, proffer agreements and the defense agreed to
10  speak to law enforcement and describe whatever the
11  defendant's involvement in the alleged offenses had
12  been and then later claimed not to have understood the
13  extent of the waiver in the proffer letters.  And, in
14  fact, they're very similar to what we have here.
15          So in the Fronk case -- gee, I think it's
16  Laursen that might be the most analogous.  In the
17  Laursen case, the defendant said that her
18  understanding of the agreement was that she would make
19  confessions, and so forth, about what she had done but
20  whatever -- or "he" -- whatever the defendant said to
21  the government at the proffer session could be used
22  against the defendant if at trial the defendant
23  testified and said something different.  So it's very
24  similar to the situation that we have here.  And the
25  district courts, in both of these cases, noted that
```

EXHIBIT "A"