The United States District Court

For the _____ District of <u>Hawaii</u>

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 05 2007
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

<u>ALICIA VELORIA</u>
Petitioner/Defendant

§
§
§
§

v.

CR. NO.  <u>00-00145 SOM</u>

HONORABLE JUDGE SUSAN OKI MOLLWAY

<u>THE UNITED STATES OF AMERICA</u>
Respondent

---

**MOTION OF PETITIONER UNDER 18 U.S.C § 3582 ( c ) (2)
REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE
CALLING FOR 2 LEVEL REDUCTION FOR COCAINE BASE "CRACK" OFFENSES (AMENDMENT 9)**

---

COMES NOW Petitioner/Defendant herein, Alicia Veloria, appearing in and of her own behalf, as a pro se litigant, and respectfully moves this Honorable Court for an ORDER modifying and thus reducing her sentence of ninety seven (97) months imprisonment, pursuant to this Honorable Court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582 ( c ) (2).

### I.    STATEMENT OF THE CASE

Petitioner/ Defendant in the underlying, above-numbered criminal case, was sentenced by this Honorable Court, on or about November 3, 2003, for a violation of the federal drug statute: Title 21 United States Code, particularly involving cocaine base, hereinafter referred to as "crack." Petitioner was sentenced by this Honorable Court to a term of imprisonment of ninety seven (97) months, at Offense Level 30, with a Criminal History Category of I, followed by a term of supervised release of four years. On or about April 10, 2006, on remand by the Ninth Circuit Court of Appeals, Ms.Veloria was again sentenced to 97 months, the same as the original sentence.  Petitioner/Defendant is currently incarcerated and is serving her sentence at Federal Medical Center, Carswell in Fort Worth, Texas.

Any detailed or extended statement of the facts of the case would be improper and unavailing, on the grounds that Petitioner's / Defendant's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., **United States v. Fair**, 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner / Defendant herein does not seek to introduce new evidence or to argue or litigate the facts of the case.  To the contrary, Petitioner's / Defendant's instant Motion pursuant to 18 United States Code § 3582 ( c) (2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines (hereinafter "USSG" or "the Guidelines").  However, the current Advisory Guidelines apply.

### II.    AMENDMENTS TO THE GUIDELINES

On May 1, 2007, the United States Sentencing Commission (hereinafter "USSC" or "the Commission") sent to the United States Congress proposed changes to the Guidelines, which included **inter alia**, Amendment 9, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparities between powder cocaine and crack.

The Crack Amendment to the Sentencing Guidelines – Amendment 9 – will effectively reduce Petitioner's / Defendant's sentence by two (2) Offense Levels, from the current level 30 to a level 28. The Commission stated in its "Reason for Amendment":

> The Commission identified as a policy <u>priority</u> for amendment cycle ending May 1, 2007, "continuation of its work with congressional, executive, and judicial branches of the government and other interested parties on cocaine sentencing policy," including reevaluating the Commission's 2002 report to Congress, **Cocaine and Federal Sentencing Policy**. As a result of the Anti-Drug Abuse Act of 1986, Pub. L. 99-570, 21 U.S.C. § 841 (b) (1) requires a five year mandatory minimum penalty for a first time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten year mandatory minimum penalty for a first time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of power cocaine. <u>Because 100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty,</u> this penalty structure is commonly referred to as the **"100-to-1 drug quantity ratio."**
> **(See, AMENDMENTS TO THE SENTENCING GUIDELINES, pp. 45-46).**
> **(Emphasis supplied).**

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner / Defendant respectfully submits that this Honorable Court so, too will accord the same or similar priority status in ruling upon Petitioner's / Defendant's instant motion for a reduction in sentence.

### III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY SENTENCING GUIDELINES IN ALL CONTEXTS, THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S / DEFENDANT'S INSTANT 18 § 3582 ( c ) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553 (a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND MODIFY <u>PETITIONER'S / DEFENDANT'S SENTENCE ACCORDINGLY</u>

This Honorable Court in modifying Petitioner's / Defendant's sentence pursuant to this instant 18 U.S.C. § 3582 ( c) (2) to account for a post-sentencing U.S. Sentencing Guidelines amendment that reduces the applicable range of punishment, must apply the Guidelines as advisory.

In **United States v. Hicks**, 472 F. 3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (c ) (2), which permits a District Court to re-sentence a defendant whose sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994 (o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, "a mandatory system is no longer an open choice", as a result of the Supreme Court's decision in **United States v. Booker**, 543 US 220, 160 L Ed 2d 621. Clearly, this Court, in re-sentencing Petitioner / Defendant has the discretion, pursuant to the now advisory Guidelines, to consider the factors set forth in § 3553(a), and calculate a new Guideline range, modifying Petitioner's sentence, accordingly.

Wherefore, for the above and foregoing reasons, Alicia Veloria prays that this Honorable Court will reduce her sentence by two (2) levels pursuant to Amendment 9 of the USSG and 18 USC § 3582 ( c)(2).

## CERTIFICATE OF SERVICE

I, Alicia Veloria, hereby certify that on November 1, 2007, I served upon the following interested parties a true copy of the foregoing MOTION UNDER 18 USC § 3582 ( c)(2) FOR MODIFICATION OR REDUCTION OF SENTENCE, by United States Mail, First Class, postage prepaid, as follows:

United States District Court
District of Hawaii
300 Ala Moana Bvld, Rm. G338
Honolulu, HI  96850

AUSA Brady
300 Ala Moana Blvd, Rm G100
Honolulu, HI  96850

Signed: _____*Alicia Veloria*_____
Alicia Veloria #14144-006
Federal Medical Center Carswell
P.O. Box 27137
Fort Worth, TX  76127