IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,        )        CRIM. NO. 00-00145 SOM
                                 )
            Plaintiff,           )
                                 )        ORDER DENYING DEFENDANT
        vs.                      )        ALICIA VELORIA'S MOTION FOR
                                 )        RESENTENCING
ALICIA VELORIA,                  )
                                 )
            Defendant.           )
_____ )

ORDER DENYING DEFENDANT ALICIA VELORIA'S MOTION FOR RESENTENCING

I.      INTRODUCTION.

        On November 5, 2007, Defendant Alicia Veloria filed a

motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2).

Having been found guilty of violating 21 U.S.C. § 841(a)(1),

Veloria has been sentenced to 97 months of imprisonment.  After

receiving a limited resentencing hearing in light of the Supreme

Court's decision in United States v. Booker, 543 U.S. 220 (2005),

Veloria was sentenced once again to 97 months of imprisonment.

Veloria now moves for a second resentencing hearing, based on

proposed amendments to the sentencing guidelines concerning

cocaine sentencing disparities.  Because these proposed

amendments have not been adopted, and because this court has

already conducted a resentencing hearing in light of Booker, the

court denies Veloria's motion.

II.     FACTUAL BACKGROUND.

        On July 3, 2003, a jury found Veloria guilty of

possession with intent to distribute in excess of five grams of

cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On November

11, 2003, this court sentenced Veloria to 97 months of

imprisonment.

In 2005, the Supreme Court issued its decision in

Booker, striking down the mandatory sentencing scheme created by

the Sentencing Reform Act of 1984.  See Booker, 543 U.S. at 264-

65.  On November 18, 2005, the Ninth Circuit remanded the case

for sentencing in light of Booker.  United States v. Veloria

(Veloria I), 164 Fed. Appx. 562, 563 (9th Cir. 2005).

Specifically, the Ninth Circuit asked this court "to answer the

question whether [Veloria's] sentence would have been different

had the court known the Guidelines were advisory." Id. (quoting

United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir. 2005) (en

banc)) (alteration in original).  This court conducted a limited

resentencing hearing according to the requirements set forth in

Ameline and retained the 97-month sentence.  In doing so, this

court determined that it would have imposed the same sentence at

the original sentencing, had the court known that the guidelines

were advisory.

The Ninth Circuit affirmed the resentencing.  United

States v. Veloria (Veloria II), 211 Fed. Appx. 650, 651 (9th Cir.

2006).  Veloria now seeks again to have her sentence

reconsidered, arguing that the court should resentence her based

on proposed amendments to the sentencing guidelines.  See Motion

at 1 ("[T]he United States Sentencing Commission . . . proposed changes to the Guidelines, which included [an Amendment to reduce] the harsh and unjustifiable disparities between powder cocaine and crack.").

The proposed amendments have not been adopted and thus are inapplicable to Veloria's motion.  Further, this court has already resentenced Veloria under the advisory regime, following the Ninth Circuit's recommendations in Ameline.  Accordingly, this court denies Veloria's motion for resentencing.

III.    ANALYSIS.

A.    Proposed Sentencing Guidelines.

Veloria claims that she is entitled to resentencing because the United States Sentencing Commission, on May 1, 2007, recommended that Congress eliminate the sentencing disparities between crack and powder cocaine.  See Motion at 1.  In addition, Veloria argues that when a "sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner."  Id. at 2 (citing United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007)).

Veloria's claims are unpersuasive because the proposed amendments concerning the cocaine sentencing disparities have not been adopted.  See e.g., Drug Sentencing Reform and Cocaine Kingpin Trafficking Act of 2007, S. 2237, 110th Cong. § 5101 (as

proposed by Sen. Joseph Biden, Oct. 25, 2007); Drug Sentencing

Reform and Cocaine Kingpin Trafficking Act of 2007, S. 1711,

110th Cong. § 1711 (as proposed by Sen. Joseph Biden, June 27,

2007).

        Even if the proposed amendments to the guidelines had

been adopted, the court would apply those guidelines in an

advisory manner.  See Hicks, 472 F.3d at 1170 ("[D]istrict courts

are necessarily endowed with the discretion to depart from the

Guidelines when issuing new sentences under [sentencing ranges

that have been subsequently lowered by the Sentencing

Commission].") (emphasis added).  The court thus finds Veloria's

argument based on the proposed amendments unavailing.

        B.    Second Resentencing Hearing.

        To the extent Veloria challenges whether the second

resentencing complied with the mandates of Booker, the Ninth

Circuit has already affirmed this court's resentencing decision.

Veloria II, 211 Fed. Appx. at 651.  The Ninth Circuit has made

clear that, so long as "the judge properly understood the full

scope of his discretion in a post-Booker world" in reimposing the

original sentence, the sentence will be upheld.  United States v.

Combs, 470 F.3d 1294, 1297 (9th Cir. 2006).  In the second

resentencing, the court fully understood its "powers and

responsibilities under an advisory Guidelines system." Id.

Veloria provides no basis for revisiting that exercise of

discretion.   Accordingly, Veloria's motion is denied.

IV.        CONCLUSION.

        The court denies Veloria's 18 U.S.C. § 3582 motion for

resentencing.


        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, November 7, 2007.




                         /s/ Susan Oki Mollway
                         Susan Oki Mollway
                         United States District Judge


**United States v. Veloria**; CR. No. 00-00145 SOM; **ORDER DENYING ALICIA VELORIA'S
MOTION FOR RESENTENCING.**