IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 00-00145 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT |
| vs. | ) | ALICIA VELORIA'S MOTION FOR |
| | ) | RESENTENCING |
| ALICIA VELORIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT ALICIA VELORIA'S MOTION FOR RESENTENCING

I.      INTRODUCTION.

On November 5, 2007, Defendant Alicia Veloria filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). Having been found guilty of violating 21 U.S.C. § 841(a)(1), Veloria has been sentenced to 97 months of imprisonment. After receiving a limited resentencing hearing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), Veloria was sentenced once again to 97 months of imprisonment. Veloria now moves for a second resentencing hearing, based on proposed amendments to the sentencing guidelines concerning cocaine sentencing disparities. Because these proposed amendments have not been adopted, and because this court has already conducted a resentencing hearing in light of Booker, the court denies Veloria's motion.

II.     FACTUAL BACKGROUND.

On July 3, 2003, a jury found Veloria guilty of possession with intent to distribute in excess of five grams of

cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On November 11, 2003, this court sentenced Veloria to 97 months of imprisonment.

In 2005, the Supreme Court issued its decision in Booker, striking down the mandatory sentencing scheme created by the Sentencing Reform Act of 1984.  See Booker, 543 U.S. at 264-65.  On November 18, 2005, the Ninth Circuit remanded the case for sentencing in light of Booker.  United States v. Veloria (Veloria I), 164 Fed. Appx. 562, 563 (9th Cir. 2005).  Specifically, the Ninth Circuit asked this court "to answer the question whether [Veloria's] sentence would have been different had the court known the Guidelines were advisory." Id. (quoting United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir. 2005) (en banc)) (alteration in original).  This court conducted a limited resentencing hearing according to the requirements set forth in Ameline and retained the 97-month sentence.  In doing so, this court determined that it would have imposed the same sentence at the original sentencing, had the court known that the guidelines were advisory.

The Ninth Circuit affirmed the resentencing.  United States v. Veloria (Veloria II), 211 Fed. Appx. 650, 651 (9th Cir. 2006).  Veloria now seeks again to have her sentence reconsidered, arguing that the court should resentence her based on proposed amendments to the sentencing guidelines.  See Motion

at 1 ("[T]he United States Sentencing Commission . . . proposed changes to the Guidelines, which included [an Amendment to reduce] the harsh and unjustifiable disparities between powder cocaine and crack.").

The proposed amendments have not been adopted and thus are inapplicable to Veloria's motion.  Further, this court has already resentenced Veloria under the advisory regime, following the Ninth Circuit's recommendations in Ameline.  Accordingly, this court denies Veloria's motion for resentencing.

III.    ANALYSIS.

    A.    Proposed Sentencing Guidelines.

Veloria claims that she is entitled to resentencing because the United States Sentencing Commission, on May 1, 2007, recommended that Congress eliminate the sentencing disparities between crack and powder cocaine.  See Motion at 1.  In addition, Veloria argues that when a "sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner."  Id. at 2 (citing United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007)).

Veloria's claims are unpersuasive because the proposed amendments concerning the cocaine sentencing disparities have not been adopted.  See e.g., Drug Sentencing Reform and Cocaine Kingpin Trafficking Act of 2007, S. 2237, 110th Cong. § 5101 (as

proposed by Sen. Joseph Biden, Oct. 25, 2007); Drug Sentencing Reform and Cocaine Kingpin Trafficking Act of 2007, S. 1711, 110th Cong. § 1711 (as proposed by Sen. Joseph Biden, June 27, 2007).

Even if the proposed amendments to the guidelines had been adopted, the court would apply those guidelines in an advisory manner. See Hicks, 472 F.3d at 1170 ("[D]istrict courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under [sentencing ranges that have been subsequently lowered by the Sentencing Commission].") (emphasis added). The court thus finds Veloria's argument based on the proposed amendments unavailing.

B.  Second Resentencing Hearing.

To the extent Veloria challenges whether the second resentencing complied with the mandates of Booker, the Ninth Circuit has already affirmed this court's resentencing decision. Veloria II, 211 Fed. Appx. at 651. The Ninth Circuit has made clear that, so long as "the judge properly understood the full scope of his discretion in a post-Booker world" in reimposing the original sentence, the sentence will be upheld. United States v. Combs, 470 F.3d 1294, 1297 (9th Cir. 2006). In the second resentencing, the court fully understood its "powers and responsibilities under an advisory Guidelines system." Id.

Veloria provides no basis for revisiting that exercise of discretion.  Accordingly, Veloria's motion is denied.

IV.     CONCLUSION.

The court denies Veloria's 18 U.S.C. § 3582 motion for resentencing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Veloria**; CR. No. 00-00145 SOM; **ORDER DENYING ALICIA VELORIA'S MOTION FOR RESENTENCING.**