IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 00-00145 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED ORDER DENYING |
| vs. | ) | DEFENDANT ALICIA VELORIA'S |
| | ) | MOTION FOR RESENTENCING |
| ALICIA VELORIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

AMENDED ORDER DENYING DEFENDANT
ALICIA VELORIA'S MOTION FOR RESENTENCING

I.    INTRODUCTION.

This order supersedes the order filed in this case on November 7, 2007.

On November 5, 2007, Defendant Alicia Veloria filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). Having been found guilty of violating 21 U.S.C. § 841(a)(1), Veloria has been sentenced to 97 months of imprisonment. After receiving a limited resentencing hearing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), Veloria was sentenced once again to 97 months of imprisonment. Veloria now moves for a reduced sentence based on proposed amendments to the sentencing guidelines concerning cocaine sentencing disparities. Because these proposed amendments have not been adopted, the court denies Veloria's motion.

II.     FACTUAL BACKGROUND.

On July 3, 2003, a jury found Veloria guilty of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On November 11, 2003, this court sentenced Veloria to 97 months of imprisonment.

In 2005, the Supreme Court issued its decision in Booker, striking down the mandatory sentencing scheme created by the Sentencing Reform Act of 1984.  See Booker, 543 U.S. at 264-65.  On November 18, 2005, the Ninth Circuit remanded the case for sentencing in light of Booker.  United States v. Veloria (Veloria I), 164 Fed. Appx. 562, 563 (9th Cir. 2005).  Specifically, the Ninth Circuit asked this court "to answer the question whether [Veloria's] sentence would have been different had the court known the Guidelines were advisory." Id. (quoting United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir. 2005) (en banc)) (alteration in original).  This court conducted a limited resentencing hearing according to the requirements set forth in Ameline and retained the 97-month sentence.  In doing so, this court determined that it would have imposed the same sentence at the original sentencing, had the court known that the guidelines were advisory.

The Ninth Circuit affirmed the resentencing.  United States v. Veloria (Veloria II), 211 Fed. Appx. 650, 651 (9th Cir.

2006). Veloria now argues that the court should reduce her sentence based on proposed amendments to the sentencing guidelines. See Motion at 1 ("[T]he United States Sentencing Commission . . . proposed changes to the Guidelines, which included [an Amendment to reduce] the harsh and unjustifiable disparities between powder cocaine and crack.").

As the proposed amendments have not been adopted as of this date, Veloria's motion is denied without prejudice to its refiling if the guidelines are amended.

III.     ANALYSIS.

Veloria claims that she is entitled to resentencing because the United States Sentencing Commission, on May 1, 2007, recommended that Congress eliminate the sentencing disparities between crack and powder cocaine. See Motion at 1. In addition, Veloria argues that when a "sentencing range has been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o), the Guidelines must be applied in an advisory manner." Id. at 2 (citing United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007)).

While certain cocaine sentencing provisions have been recently amended, the United States Sentencing Commission is still considering amendments that would apply retroactively. It is those amendments that Veloria appears to be seeking to benefit from. Even if the guidelines are amended in a manner more

lenient to Veloria than present guidelines, the details of the amendments will be important to any review of a possible reduction in Veloria's sentence.  Thus, Veloria's motion is, at best, premature.

To the extent Veloria challenges whether the second resentencing complied with the mandates of Booker, the Ninth Circuit has already affirmed this court's resentencing decision. Veloria II, 211 Fed. Appx. at 651.  The Ninth Circuit has made clear that, so long as "the judge properly understood the full scope of his discretion in a post-Booker world" in reimposing the original sentence, the sentence will be upheld. United States v. Combs, 470 F.3d 1294, 1297 (9th Cir. 2006).  In the resentencing, the court fully understood its "powers and responsibilities under an advisory Guidelines system." Id.  Veloria provides no basis for revisiting that exercise of discretion.

The court reserves for later determination, if the cocaine guidelines are amended and Veloria refiles her motion, the issue of whether, if at all, § 3582(c)(2) is affected by Booker.

IV.     CONCLUSION.

The court denies Veloria's 18 U.S.C. § 3582 motion as premature, without prejudice to later refiling if the cocaine sentencing guidelines are amended to provide for retroactive sentencing reductions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Veloria**; CR. No. 00-00145 SOM; **AMENDED ORDER DENYING ALICIA VELORIA'S MOTION FOR RESENTENCING.**