# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 09 2008

at 10 o'clock and 25 min. 9 a.m.
SUE BEITIA, CLERK

Nunc Pro Tunc: 12/26/07

# United States District Court
## District of Hawaii

ALICIA VELORIA,

           Defendant-Movant

vs

UNITED STATES OF AMERICA,

           Plaintiff-Respondant

**RECEIVED**
CLERK U.S. DISTRICT COURT

DEC 26 2007

DISTRICT OF HAWAII

**Motion to Vacate, Set Aside, or Correct a Sentence
By a Person in Federal Custody**

Honorable Judge Susan Oki Mollway, Judge
D.C. No. 00-00145 SOM

Motion under 28 U.S.C. § 2255

Ms. Alicia Veloria 14144-006
Pro Se Movant
Federal Medical Center Carswell
P. O. Box 27137
Ft. Worth, TX 76127

# United States District Court
# District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Crim. No. 00-00145 |
| | ) Civil No. |
| Plaintiff-Respondent | ) HON. SUSAN OKI MOLLWAY |
| | ) |
| Vs. | ) |
| | ) |
| ALICIA VELORIA | ) MOTION UNDER TITLE 28 |
| | ) U.S.C. § 2255, MEMORANDUM |
| Defendant-Movant | ) IN SUPPORT OF 2255 MOTION, |
| | ) IN FORMA PAUPERIS |
| | ) DECLARATION, EXHIBITS 1-35, |
| | ) CERTIFICATE OF SERVICE |

\*   \*   \*   \*   \*   \*   \*   \*   \*

i

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Hawaii |
|---|---|
| Name (under which you were convicted): Alicia Veloria | Docket or Case No.: 00145-SOM |
| Place of Confinement: Carswell Federal Medical Center | Prisoner No.: 14414-006 |
| UNITED STATES OF AMERICA  v. Alicia Veloria | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   U.S. District Court, District of Hawaii
   PJKK Federal Building
   Honolulu, Hawaii 96813
   (b) Criminal docket or case number (if you know): 00145-SOM
2. (a) Date of the judgment of conviction (if you know): 11/03/2003

   (b) Date of sentencing: 11/03/2003
3. Length of sentence: 97 months
4. Nature of crime (all counts): Possession with intent to distribute in excess of 5 grams of cocaine base

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

- 1 -

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: __Ninth Circuit Court of Appeals__
   (b) Docket or case number (if you know): __03-10626 / 06-10277__
   (c) Result: __conviction affirmed; sentence remanded / affirmed__
   (d) Date of result (if you know): __12/07/2005 / 12/12/2006__
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: __Trial court abuse of discretion regarding juror misconduct; Inadequate pretrial notice of 404(b) evidence, Abuse of discretion in admitting letter; Unconstitutional sentence.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒  No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): __06-9987__
       (2) Result: __Denied__
       (3) Date of result (if you know): __4/16/2007__
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: __Unconstitutional enhanced sentence__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❏   No ❏

(2) Second petition:   Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____
_____
_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** ___Inneffective Assistance of Counsel___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The facts and arguments supporting this claim are set forth in the attached memorandum of law, and the 35 exhibits submitted in support of §2255 motion. Ms. Veloria incorporates those facts by reference as if set forth in full herein._
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐  No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: _The court appointed appellate attorney refused to raise any inneffective assistance of counsel issues on direct appeal._

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐  No ☒
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition: _____
    Name and location of the court where the motion or petition was filed: _____

- 4 -

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

　　　Yes ❏　No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

　　　Yes ❏　No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　　Yes ❏　No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND TWO: __Prosecutorial Misconduct_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
　The facts supporting this claim are set forth in the
　attached memorandum of law and exhibits 1-35 submitted
　in support of §2255 motion.  Ms. Veloria incorporates
　those facts by reference as if set forth in full herein.

_____

_____

_____

- 5 -

_____

_____

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: __Court appointed appellate counsel refused to raise these issues on behalf of Ms. Veloria, although requested to do so.__

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: ___Trial Court Errors_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
 The facts supporting this claim are set forth in the
 attached memorandum of law and exhibits 1-35 submitted
 in support of §2255 motion. Ms. Veloria incorporates
 those facts by reference as if set forth in full herein.

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: ___Court appointed
   appeal attorney refused to raise these issues on
   direct appeal, although Ms. Veloria requested him to do so.

(c) Post-Conviction Proceedings:

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☒

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

GROUND FOUR: __Specific Constitutional Violations__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
 The facts supporting this claim are set forth in the attached memorandum of law and exhibits 1-35 submitted in support of §2255 motion. Ms. Veloria incorporates those facts by reference as if set forth in full herein.

- 8 -

_____
_____

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: <u>Court appointed defense counsel refused to raise these issues on direct appeal, although Ms. Veloria requested him to do so.</u>

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐ No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐ No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐ No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐ No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>Innefective assistance of counsel, prosecutorial misconduct, trial court errors, and specific constitutional violations. All issues brought forth within this §2255 have not been previously raised because counsel representing Ms. Veloria denied her the option of filing her pro se appeal brief, thereby preventing any review of said violations.</u>

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>N/A</u>

(b) At arraignment and plea: <u>Alexander Silvert</u>
   <u>300 Ala Moana Blvd. Rm 7-104, Honolulu, HI 96813</u>

(c) At trial: <u>Winston Ling</u>
   <u>P.O. Box 700406, Kapolei, HI 96709-0406</u>

(d) At sentencing: <u>Samuel P. King Jr.</u>
   <u>735 Bishop St. Ste. 304, Honolulu, HI 96813</u>

(e) On appeal: __Shawn Luiz_____
__810 Richards St. Ste. 800, Honolulu, HI 96813_____
(f) In any post-conviction proceeding: __N/A_____

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
    
    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

- 11 -

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Ms. Veloria's second direct appeal was decided on 12/12/06; The Supreme Court denied her writ of certiori on 4/16/07; therefore, this motion has been submitted well in advance of the one year period of limitation.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Appointment of counsel,</u> <u>additional investigation and discovery, an evidentiary hearing,</u> <u>to strike the unconstitutional portion of her sentence and</u> reversal or any other relief to which movant may be entitled. of Ms. Veloria's conviction.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).

Executed (signed) on <u>18 DEC 2007</u> (date).

<u>Alicia Veloria</u>
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION
_____
[Insert appropriate court]
* * * * *

- 13 -

## STATEMENT AS TO WAIVER, CAUSE AND PREJUDICE

Since all of Ms. Veloria's Constitutional Violations have underlying claims of ineffective assistance of counsel, she is not precluded from raising these claims for the first time in the motion pursuant to 28 U.S.C. §2255. *Massaro v. United States*, 123 S. Ct. 1690; 155 L. Ed. 2d 714; 2003 U.S. LEXIS 3243 (4-23-03) ("an effective-assistance-of-counsel claim may be brought in a collateral proceeding under 2255, whether or not the petitioner could have raised the claim on direct appeal").

## PRO SE MOTION

Ms. Veloria has prepared this brief to the best of her ability, utilizing the prison law library, as well as the resources provided her by friends and family. Since Ms. Veloria is not an attorney and has written this motion *Pro Se* while incarcerated, this court shall hold her to less stringent standards than formal papers drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Green v. United States*, 260 F.3d 78, 83 (2d CIR 2001) (General Rule requiring liberal construction of Pro Se filings applied to section 2255 motion).

## JUDGEMENT REQUESTED

On account of evidence set forth herein regarding the intentional withholding of critical exculpatory material, thereby denying Ms. Veloria a constitutionally fair trial, she herein requests that this Honorable Court **ORDER** that she be released from incarceration forthwith and that all future proceedings and/or litigation with respect to this 2255 motion be conducted with Ms. Veloria on a pretrial basis.

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, Ms. Veloria asks this Honorable Court to **ORDER** an evidentiary hearing where she can prove the

allegations herein by: (A) her own testimony; (B) the testimony of Attorney Alexander Silvert; (C) the testimony of Attorney Winston Ling; (D) the testimony of Rhonda Marcy; (E) additional evidence; and (F) legal argument to be presented at the hearing.

Upon proof of Ms. Veloria's allegations herein, Ms. Veloria asks this Honorable Court to:

**ORDER** that Ms. Veloria's conviction be **VACATED** and that she be granted immediate release.

**ORDER** the return of property seized from Ms. Veloria on November 22, 1996, as the jury made a factual finding of **NOT GUILTY** with respect to that count.[1]

**ORDER** that her judgment of conviction be **VACATED** so that she can take a direct appeal and/or ORDER any remedies the Court deems appropriate.

## MOTION FOR DISCOVERY

Pursuant to Rule 6[2] of the Rules Governing Section 2255 Proceedings, and Federal Rules of Civil Procedure; 26 (a), Ms Veloria asks leave of this Court to invoke the process of discovery. More specifically, she asks this Honorable Court to **ORDER** that Alexander Silvert, Winston Ling, Emmanual Guerrero, Ann Barcena-Pacheo and Michael Ebesugawa allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Ms. Veloria as to the "performance" and misconduct of counsel, detailed and set forth herein.[3]

[1] One 1984 Ford Ranger pickup (est. Value $8,000.00); $2563.00 in U.S. currency; and miscellaneous jewelry (est. Value $10,000.00).

[2] It should be noted that Rule 6 (a) of the Rules Governing Section 2255 Proceeding provides for discovery under either Federal Rules of Civil Procedure 26-37 or under Federal Rule of Criminal Procedure 16. See J. Leibman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, 41.6 [n 2-3] (3rd Ed. 1998). In this respect, the Rules Governing Section 2255 Proceeding are distinct from the Rules Governing Section 2254 Proceedings because they allow additional discovery devices. *Id*

[3] The Supreme Court's most recent review of "discovery" in habeas corpus proceedings was in *Bracy v.Gramely*, 520 U.S> 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). In Bracy v. Gramley, the Supreme

More specifically, Ms. Veloria requests this Court to allow counsel to question Alexander Silvert, Emmanual Guerrero, and Winston Ling as to the reasons for their failures, complained of herein. Ms. Veloria also herein requests the discovery of any proffer made by Attorney Michael Ebesugawa in relation to Barcena's possible testimony regarding alleged activities of Ms. Veloria in 1996.

Additionally, Ms. Veloria asserts herein that the depositions will substantiate the allegations set forth in her motion under 28 U.S.C.§ 2255, Memorandum in support of Motion, and the 35 exhibits submitted and referenced herein.

## MOTION FOR APPPOINTMENT OF COUNSEL

Pursuant to Rule 6(c) and Rule 8 (c) of the Rules Governing Section 2255 Proceedings, Ms. Veloria asks that counsel be appointed for discovery, additional investigation and her evidentiary hearing.[4]

## MOTION TO DENY GOVERNMENT EXTENSION

With respect to the claims raised herein regarding violations of Ms. Veloria's Constitutional rights, she asks this Honorable Court to DENY the government in the event they move the court for additional time with which to respond to this motion under 18 U.S.C. 2255. Ms. Veloria makes this request in light of the fact that she has been

---

Court vacated a District Court and Court of Appeals denial of discovery in habeas corpus, 28 U.S.C. 2254. The Supreme Court pointed out that that Rule 6 of the Rules Governing 2254 Cases, prescribing discovery procedures in federal habeas corpus case, is meant to be consistent with *Harris v Nelson*, 394 US 286, 22 L Ed 2d 281, 89 S Ct 1082 (1969), which stated that where specific allegations before a federal court show reason to believe that a petitioner for federal habeas corpus relief may, if the facts are fully developed, be able to demonstrate entitlement to relief. It is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. *Bracy v Gramley*, 520 U.S. at 909.
[4] *See United States v Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999) ("if an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C.§ 3006A.")

incarcerated for 54 months, after having been denied specific constitutional rights raised herein for review.

## MOTION TO EXPEDITE

As of the date of this filing, Ms. Veloria has been incarcerated for 54 months and has earned approximately seven months of good time credit. Additionally, Ms. Veloria is eligible for six months of half way house placement. Therefore, Ms. Veloira herein demonstrates a need for this Honorable Court to expedite any remedies it deems appropriate because in the absence of expedited treatment, irreparable harm will occur.

In the alternative, Ms. Veloria is requesting that the Honorable Court order that she be released pending the outcome of her motion under 28 U.S.C. § 2255.

## VERIFICATION

The facts set forth in the Memorandum in Support of Section 2255 Motion are based on documents retrieved from various court files, police records, confidential attorney-client correspondence and the personal knowledge and experience of Ms. Veloria and are true and correct. The rest of the allegations are founded upon information obtained through Freedom of Information and Privacy Act requests, of which Ms. Veloria has retained copies.

## AFFFIRMATION OF VELORIA

Ms. Veloria hereby affirms that she has referenced 35 exhibits within her memorandum in support of 2255 motion. Many of the exhibits referenced are copies of letters and attachments Ms. Veloria has faxed, emailed or certifiably mailed, many times, to her attorneys. In some instances, Ms. Veloria has redacted certain portions of attorney-client communications, for obvious reasons, in the event there will be a retrial in

this case. All of the letters from client to attorney submitted as exhibits are true and correct replicas of those which were received by counsel.

                                            Signed under penalty of perjury
                                            Under 28 U.S.C.§ 1746 this _____day
                                            Of _____, 2007

                                            *Alicia Veloria* (signature)
                                            Alicia Veloria
                                            #14144-006
                                            P.O. Box 27137
                                            Fort Worth, TX 76127