**CONFIDENTIAL**

October 21, 2002

Mr. Winston Ling,

As discussed, I am writing you to outline those actions, which I hope that you will take in my defense. First of all, can you please send me a copy of Darryl's statement to you? Also, Have you remained in contact with him? It would be a great disadvantage to me if we could not call him as a witness. We once discussed the possibility of obtaining the grand jury transcripts; can you find a way to do this?

One thing that we discussed is the suppression of the "debriefing" in which I was told that nothing I said could be used against me at trial unless I chose to testify on my own behalf. Would this be a motion in which I would have to be present for? If so, I would like to request in advance that you move the court to waive my presence or allow a telephone appearance, as I cannot afford to travel back and forth. I will be coming there at the end of Nov. for trial on Dec. 3.

I would also ask that you request the original notes from the debriefing so that we can prove that there are statements in there which I did not make. The most obvious one being that my parents divorced in 2001, as they were divorced 16 years ago (1986.)

I feel it would also be beneficial to obtain all notes regarding these cases, as I believe we will find many inconsistencies. Please keep in mind that the police reports written in relation to the raid on the house were not written until over four months later. Also, the statement they say my father made contains inaccuracies, how will we deal with this? The two that stand out in my mind is 1) that my father has "never even ridden in the vehicle." And 2) that he says that he and I do not really get along.

I would also ask that you review the evidence chain of custody as I believe there are several different signatures and many pages do not have an "authorized by" signature.

Lastly, I ask that you give some thought to requesting that the court exclude those "letters" to Wallace from being admitted at trial as they cannot be authenticated and would be presumptively pre-judicial to my defense.

I know this is a lot to request of you in one letter, but I would like to start working hard on this case, so that we can be ready for everything.

Thank you,

Alicia Veloria

EXHIBIT 12