## CONFIDENTIAL/ATTONEY-CLIENT INFORMATION!

**If by chance someone other than Mr. Winston Ling, Attorney at Law receives this e-mail, please disregard and delete immediately!**

Mr. Ling,

I hope you receive this e-mail, I will also be mailing it and faxing a copy as well to insure that you are aware of my thoughts at this point. There are a couple of issues I would like to discuss in regards to my case.

1) Please subpoena my brother Richard Marble ex-parte ASAP so that he can have it in hand if something else comes up. I do not want any more delays in this case. Also, please find a way to get a criminal background or a "rap sheet" so that we will know right away what things he has in his past. I believe that he has no felony convictions, but in all likelihood has in excess of 20 misdemeanor convictions (most likely from Washington). We must know in advance if he has any type of crimes involving dishonesty, which would allow the prosecutor to impeach him in anyway. If I can be of help in any way with this please let me know. I would like to avoid letting the prosecution know of our intentions to call him as a witness. Also keep in mind and be prepared that it might come up that he has a 5th amendment right against self incrimination and he will want to know if his testimony is likely to result in charges.

2) I would like you to research the possibility of having those alleged "letters to Wallace" excluded at trial as they are prejudicial to my defense and have no way of being authenticated. I visited the law library and found case law that supports this, but did not have enough time to make photocopies.

3) I am considering testifying at trial, in the event that we have no other choice and need to explain my reasoning behind doing the debriefing to avoid the potential maximum 40-year sentence. At some point I will need you to help me to get prepared to testify. I believe you will also need to submit a motion in limine to exclude my prior bad acts, which is a DANC theft 3rd for shoplifting $300 from Liberty House when I was 18. My probation was completed in 2000 and so this should not be counted as a prior, but let us be prepared.

EXHIBIT 14

Again, if there is any way I can help assist you with these things, please let me know.

Thank You,

Alicia Veloria

(907) 770-5201 home

(907) 227-3445 cell

P.S. **Can you do an interlocutory appeal to suppress or exclude prosecution from using the debriefing statements against witnesses with the following supporting facts?**

**1) Defendant was misinformed by previous defense counsel and therefore statement was made unknowingly.**

**2) Debriefing reports contain false information (claiming that I stated my parents divorced in 2001, when they actually divorced in 1986 and I have absolutely no reason to lie about that).**

**3) Judge ordered agents notes to be discovered, but surprisingly neither agent has notes and defendant has no way to prove misstatements of debriefing.**