LAW OFFICE OF WINSTON D.M LING
WINSTON D.M. LING 5217-0
P.O. BOX 700406
KAPOLEI, HI 96709-0406
TELEPHONE NO. 271-6870

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATE OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR. NO. 00-00145 (SOM) |
| ALICIA VELORIA, | ) | |
| Defendant. | ) | |

### EMERGENCY MOTION IN LIMINE, FOR DISCLOSURE OF INTENT, FOR A HEARING OUTSIDE THE PRESENCE OF THE JURY, AND TO EXCLUDE CERTAIN EVIDENCE

Comes Now Alicia Veloria, by and through Winston D.M. Ling, counsel for the defendant, and moves this court by emergency motion in limine, for disclosure of intent, for a hearing outside the presence of the jury, and to exclude certain evidence.

In support of this motion, and for good cause, Miss Veloria would state as follows:

That the government has declared their intent to introduce evidence of other uncharged wrongs, crimes, or acts, through allegations of unidentified informants, and that the search warrants that will be referred to in this case were based upon only the probable cause of unidentified informants and non-definitive uncharged allegations.

That Miss Veloria has recently discovered a document submitted by a law

1

EXHIBIT 19

enforcement officer prior to the application for the search warrants that indicate Miss Veloria was targeted by the government, that she was subjected to prior investigative surveillance, including the use of electronic surveillance, and sense enhancing equipment, and that almost all of the information in the document could not have come from any informant or informants, and that non of the surveillance information was ever disclosed to Miss Veloria.

That the interception of private communications by electronic equipment, without first obtaining a valid warrant, violates state and federal statutes and all evidence was illegally obtained, or evidence derived therefrom, and 18 U.S.C. 2510-2530, and Hawaii statutes, mandates the evidence obtained in violation of law, and any evidence derived therefrom, cannot be used in any proceeding.

The defendant moves for an order of the Court to require the government to admit or deny whether they violated any local, state, or federal law in the investigation and prosecution of this case under 28 U.S.C. 3504 which states in relevant part as follows:

> "(a) In any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States-
> (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act."

Therefore, pursuant to 3504 Miss Veloria moves the court by emergency motion for an order requiring the government to admit or deny whether the government, federal or state, or any representatives, violated any state or federal law in the investigation and prosecution of this case.

2

Miss Veloria also moves the Court by emergency motion to disclose the identity of all informants and to make them available to the defense, so that can be subpoenaed to testify for and on behalf of Miss Veloria, since they are the only persons that were alleged to have been present, only persons with direct knowledge of any of the alleged uncharged wrongs, crimes or acts, and who have direct knowledge of the surveillance and the illegally obtained evidence.

## FOR DISCLOSURE OF INTENT

Miss Veloria moves this Court for an order directing the government to declare their intent. Whether they intend to introduce testimony or evidence of uncharged wrongs, crimes or acts, or make any reference to the unidentified informants, or the non-definitive allegations alleged to have come from informants and those used to support the applications for the search warrants.

Miss Veloria also moves the Court for an order directing the government to declare their intent to use any information or evidence from Miss Veloria's "Proffer of Information by Defendant Alicia Veloria" during plea-negotiations, prior to any attempt to introduce that information or evidence in front of the jury.

That the government obtained information during the plea negotiations from the "Proffer of Information by Defendant Alicia Veloria" during plea-negotiations that the government has shown they intend to use against Miss Veloria during trial, indicating the breach of good faith and fair dealing by the government, in violation of Miss Veloria's constitutional and statutory rights, and threatened Miss Veloria in order to coerce her not to testify in her own behalf, or she will be prosecuted on additional criminal charges.

3

That the government has used Miss Veloria's "Proffer of Information by Defendant Alicia Veloria" during plea-negotiations to coerce, threaten and intimidate other witnesses to testify against Miss Veloria, while intentionally withholding evidence from the defense that the witnesses have testified in prior court proceedings contrary to the testimony they intend to provide against Miss Veloria in this case.

That the government's use of Miss Veloria's involuntary "Proffer of Information by Defendant Alicia Veloria" during plea-negotiations to introduce evidence of other uncharged wrongs, crimes, or acts, constitutes a trial by ambush, and creates the likelihood of a conviction based upon other uncharged wrongs, crimes, or acts, and not on the charges in the indictment, denying Miss Veloria the right to a fair trial of only those charges in the indictment.

Miss Veloria has moved to rescind the involuntary implied waiver incorporated in the stipulated agreement signed by her on September 3, 2001, as part of the "Terms and Conditions for Proffer of Information by Defendant Alicia Veloria" during plea-negotiations, pursuant to Rule 11, Federal Rules of Criminal Procedure, in the Motion To Rescind Involuntary Waivers, filed separately herewith.

Miss Veloria moves the Court to direct the government to disclose it's intent of whether they intend to, either expressed or implied, threaten, intimidate or coerce Miss Veloria not to testify if she takes the stand to testify in her own behalf, and whether the government intends to introduce any of their threats or intimidation before the jury.

### FOR A HEARING OUTSIDE THE PRESENCE OF THE JURY

Miss Veloria moves this Court to require the government to give notice to the Court and the defense prior to the introduction of any testimony or evidence that could

4

be subject to suppression or exclusion, including that described herein, and for a hearing outside the presence of the jury, to permit the defendant to argue the merit of inadmissibility of the testimony and evidence, and whether the testimony and evidence would be far more prejudicial and than probative, whether it would amount to a trial by ambush of other uncharged wrongs, crimes or acts, and whether it should be excluded to prevent the defendant from being tried on uncharged offenses not contained in the indictment.

### AND TO EXCLUDE CERTAIN EVIDENCE

Miss Veloria moves this Court to exclude all testimony and evidence of any uncharged wrongs, crimes or acts, to direct the government not to elicit any testimony or evidence from any witness, prosecution or defense, of any uncharged wrongs, crimes or acts, and for the government to direct their witnesses not to testify about any uncharged wrongs, crimes or acts. Miss Veloria also moves the court to exclude any testimony or evidence from any unidentified informants, or any reference to any information or evidence from any unidentified informants.

Miss Veloria moves the Court to exclude any and all evidence that was illegally obtained in violation of state and federal law, and require the government to disclose to the defense all information and evidence of the prior investigation of Miss Veloria and the illegal interception of information and evidence by electronic surveillance and with the illegal use of sense enhancing equipment, without a warrant.

Miss Veloria also moves the Court to require the government to produce the identity of all state and federal officers or agents involved in any way with any of the prior surveillance, including the use of electronic surveillance and the use of sense

enhancing equipment, and for the production of all tape recordings, field notes, and any other reports, including inter-agency memorandum or transmittals to supervisors, so they can be subpoenaed to testify for the defense.

WHEREFORE, for the above and foregoing reasons, Alicia Veloria urges the Court to grant this motion in the interest of justice.

Respectfully submitted this ____ day of _____, 2003.

                                                  WINSTON LING
                                                  Attorney for Defendant:
                                                  ALICIA VELORIA

## CERTIFICATE OF SERVICE

I, Winston D.M. Ling hereby certify that a true and exact copy of the foregoing document was mailed, and/or hand delivered, to the following:

THOMAS J. BRADY
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff:
UNITED STATES OF AMERICA

On this _____ day of _____, 2003.

Signed, _____