LAW OFFICE OF WINSTON D.M. LING
WINSTON D.M. LING  5217-0
P.O. BOX 700406
KAPOLEI, HAWAII 96709-0406
TELEPHONE NO. 271-6870

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA,   ) | |
|      ) | |
|   Plaintiff,    ) | |
|      ) | CR. NO.  00-00145 (SOM) |
|   v.      ) | |
|      ) | |
| ALICIA VELORIA,    ) | |
|      ) | |
|   Defendant.   ) | |
| _____) | |

## EMERGENCY MOTION TO DISCLOSE IDENTITY
## OF CONFIDENTIAL INFORMANT

Comes Now Alicia Veloria, by and through Winston Ling, counsel for the

defendant, and pursuant to United States v. Roviaro, 353 U.S. 53, (1957) and Rule 16,

Federal Rules of Criminal Procedure, respectfully moves the Court for an Order

compelling the government to disclose the names and addresses of informants used in

the above-captioned case, and to produce said informants for interviews prior to trial, on

the grounds that the informants are believed to be active participants in and witnesses

to the offenses charged, or in the alternative, the government has declared their intent

to introduce evidence of other uncharged wrongs, crimes, or acts, through allegations of

unidentified informants, and that the search warrants that will be referred to in this case

were based upon only the probable cause of unidentified informants and non-definitive

1

EXHIBIT 20

acts.

That some of the witnesses the government intends to call, intend to introduce non-definitive allegations from unidentified informants that were the only probable cause used to support the applications for the search warrants, and non-definitive allegations from unidentified informants allowed the government to conceal information that Alicia Veloria had been targeted by the State of Hawaii, she had been subjected to electronic surveillance, and surveillance with sense enhancing equipment, and this case is the result of the governments gross and unconscionable overreaching, in violation of Miss Veloria's constitutional and statutory rights.

The informers' identity is essential to the defendants' preparation of their defense because the informants may be "the sole participants, other than the accused, in the transactions alleged," "are the only witness in a position to amplify or contradict the testimony of government witnesses," and when called to testify may either deny making any such statements to the government, or admit their statements were untrue.

The informants must admit they are the only person with direct knowledge of the transactions the government intends to introduce, in absence of disclosure and production of the informants, Miss Veloria will be unfairly and prejudicially subjected to a trial by ambush of other uncharged wrongs, crimes or acts, and the defendant will be denied any opportunity to rebut the prejudicial and inflammatory evidence unless the informants can be identified and called to testify for and on behalf of the defendant.

Rule 404(b), Federal Rules of Evidence, prohibit the introduction of other uncharged wrongs, crimes or acts, due to the unfair disadvantage to the defendant in a criminal case, and the likelihood that a jury will left with the discretion to convict on any

uncharged wrongs, crimes or acts, rather than only on the charges in the indictment.

That a review of a conviction would not be able to determine whether the jury convicted on the charges in the indictment, one or more of the uncharged wrongs, crimes or acts, or a combination of those in the indictment and those not charged.

Rule 404(b), Federal Rules of Criminal Procedure, are intended to prevent such a miscarriage of justice. However, the same is accomplished if the government is given the opportunity to introduce non-definitive allegations of uncharged wrongs, crimes or acts from unidentified informants, and from witnesses in a back door approach to the same objective.

Any testimony and evidence, including allegations, of uncharged wrongs, crimes or acts should be excluded and the government should not be permitted to ambush the defendant during trial.

This Motion is based on the Indictment, the files, records and proceedings herein, and any and all matters which may be presented prior to or at the time of the hearing of said Motion or during trial.

WHEREFORE, for the above and foregoing reasons, Alicia Veloria urges the court to grant this motion in the interest of justice.

Respectfully submitted this _4th_ day of _June_, 2003.

WINSTON LING
Attorney for Defendant:
ALICIA VELORIA

3

<u>CERTIFICATE OF SERVICE</u>

I, _____ hereby certify that a true and exact copy of the foregoing document was mailed, and/or hand delivered, to the following:

THOMAS J. BRADY
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff:
UNITED STATES OF AMERICA

On this _____ day of _____, 2003.

Signed, _____

4

LAW OFFICE OF WINSTON D.M. LING
WINSTON D.M. LING  5217-0
P.O. BOX 700406
KAPOLEI, HAWAII 96709-0406
TELEPHONE NO. 271-6870

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CR. NO.  00-00145 (SOM) |
| v. ) | |
| ) | |
| ALICIA VELORIA, ) | |
| ) | |
| Defendant. ) | |
| ———————————————) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VELORIA'S EMERGENCY MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT

Miss Veloria argues she has satisfied her initial burden of demonstrating that the informant's testimony would be "relevant and helpful" to her defense or "essential to a fair trial." See, e.g., United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir. 1993) ("The defendant  bears the burden of demonstrating a need for disclosure of a confidential informant's identity. He must show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' [to his defense] or will be essential to a fair trial."). Mere suspicion or speculation that the informant might provide relevant and helpful information will not suffice. See, e.g., United States

1

v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990); United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir. 1989); United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir. 1989). Ms. Veloria can also demonstrated that her need for the disclosure outweighed the strong public interest in effective law enforcement, see Roviaro v. United States, 353 U.S. 53, 59, 62, 77 S. Ct. 623, 627, 628-29, 1 L. Ed. 2d 639 (1957), and "the government's interest in protecting the safety of an informant," Sai Keung Wong, 886 F.2d at 256.

Unlike Unites States v. Carlos,1999 U.S. App. LEXIS 29020, where the charges against Carlos were not based on any transaction involving the informant or any information provided by the informant, so the Appellate Court did not find an abuse of discretion had occurred. See also Williams, 898 F.2d at 1402 (holding disclosure of informant not warranted where defendant was not charged based on any transaction with the confidential informant); Johnson, 886 F.2d at 1122 (same). Here, the alleged impetus for the government investigation of Miss Veloria, stems from a July 9th, 1996, statement from a confidential informant that Miss Veloria lived at that residence and that the informant had bought cocaine there. This was the information that the police provided to the magistrate in support of a search warrant **in the name of the defendant at that residence**. It is the information, though uncharged, that the defendant was selling drugs, that the government relied upon as the basis for the search warrant, and that the government continues to rely upon in their case-in-chief against Miss Veloria. The confidential informant is a percipient witness to the crimes charged in the indictment. The government never listed the informant as a witness, nor

2

will they call the informant to testify. They do, however, intend to refer to statements by the informant at trial. See Sai Keung Wong, 886 F.2d at 256-57 (disclosure of informant's identity not required where informant was not the only percipient witness, informant's testimony would have been cumulative or insignificant, and <u>government generally avoided any reference to the informant's activities throughout its case</u> (emphasis added)). These statements are that the informant said the residence was occupied by Alicia Veloria, and that he had bought drugs there. The information provided by the informant played a major role in the affidavit supporting the search warrant for the residence.

The government must disclose to the defense all evidence that is "favorable to an accused" and "material either to guilt or to punishment," <u>Brady</u>, 373 U.S. at 87, including both exculpatory and impeachment evidence, regardless of whether the defendant requests the information, <u>United States v. Bagley</u>, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (1985), <u>Kyles v. Whitley</u>, 514 U.S. 419, 432-34, 131 L. Ed. 2d 490, 115 S. Ct. 1555 (1995); <u>United States v. Gonzales</u>, 90 F.3d 1363, 1368 (8th Cir. 1996). For evidence to be considered material, there must be "a reasonable probability" that its disclosure would have altered the result of the proceeding. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Harrington</u>, 951 F.2d 876, 878 (8th Cir. 1991). "Disclosure may be required where a defendant shows that it would be relevant and helpful to the defense or essential to a fair trial." <u>United States v. Bourbon</u>, 819 F.2d 856, 859 (8th Cir. 1987) (citing <u>Rovario v. United States</u>, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957)). Generally, it is not material to the outcome of a case to disclose the identity of informants "who merely convey information to the government but neither

witness nor participate in the offense." Harrington, 951 F.2d at 878; see Bourbon, 819
F.2d at 860.

Respectfully submitted this 6th day of June, 2003.

WINSTON LING
Attorney for Defendant:
ALICIA VELORIA

## CERTIFICATE OF SERVICE

I, _____ hereby certify that a true and exact copy of the foregoing
document was mailed, and/or hand delivered, to the following:

THOMAS J. BRADY
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff:
UNITED STATES OF AMERICA

On this 6th day of _____June_____, 2003.

Signed, _____

4