LAW OFFICE OF WINSTON D.M. LING
WINSTON D.M. LING 5217-0
P.O. BOX 700406
KAPOLEI, HAWAII 96709-0406
TELEPHONE NO. 271-6870

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CR. NO. 00-00145 (SOM) |
| v. ) | |
| ) | |
| ALICIA VELORIA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR AN ORDER OF COURT REQUIRING THE GOVERNMENT TO ADMIT OR DENY WHETHER THEY VIOLATED ANY LOCAL, STATE OR FEDERAL LAW IN THE INVESTIGATION AND PROSECUTION OF THIS CASE

Alicia Veloria, through her counsel, requested the Court for an order requiring the government to admit or deny whether they violated any local state or federal law in the investigation of this case, in the emergency motion in limine. This is her memorandum in support.

### A. INTERCEPTION OF WIRE AND/OR ORAL COMMUNICATIONS

It must be admitted that a "body wire" or transmitter may be used to intercept conversations, and to record or contribute to the recording of those conversations. This is true with the use of any devise that is intended to intercept conversations.

1

EXHIBIT 21

The Constitution of the United States, and States in which the defendants reside, provide protection against unreasonable searches and seizures, and against compelling someone to be a witness against themselves, such as the interception of conversations, and the use of those conversations in evidence.

To protect those rights the United States and the States in which the defendants reside have enacted certain legislation prohibiting those actions with the limited exceptions provided by those statutes.

Title 18 USCS ' 2515 (1993) states as follows:

**Prohibition of use as evidence of intercepted wire or oral communications.**

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter [ 18 USCS " 2510 et seq.].

The United States Code, Congressional and Administrative News, 90th Congress, Second Session (1968), Vol. 2, Legislative History, p. 2187, in speaking of the proposed 18 U.S.C. ' 2516 (2), states:

> "No application [for wiretap or electronic surveillance orders] may be authorized unless a specific State statute permits it. The State statute must meet the minimum standards reflected as a whole in the proposed chapter. The proposed provision envisions that States would be free to adopt more restrictive legislation, or no legislation at all, but not less restrictive legislation. State legislation enacted in conformity with this chapter should specifically designate the principal prosecuting attorneys empowered to authorize interceptions."

18 U.S.C. ' 2516 provides in pertinent part:

> "The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent

2

jurisdiction for an order authorizing or approving the interception of wire or oral communications . . . ."

In addition, the government knew, or by due diligence should have known, that they were prohibited from making an application for a search warrant for the interception of private communications by state and federal law, without specific authorization from the Attorney General of the State of Hawaii, or a person designated in writing or by law to act for the attorney general, prior to making the application, and that he was prohibited from making an application for a search warrant to authorize the interception of private communications.

### AGGRIEVED PARTY

Miss Alicia Veloria as an aggrieved party has moved for an order of the Court to require the government to admit or deny whether they violated any local, state, or federal law in the investigation and prosecution of this case under 28 U.S.C. 3504 which states in relevant part as follows:

> "(a) In any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States-
> (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act. "

Miss Veloria has recently discovered a document that indicates she has been subjected to electronic surveillance and surveillance with the use of sense enhancing equipment. The discovery motion specifically requested production of that information and evidence.

The government has failed to admit or deny whether any electronic surveillance

3

equipment was used in the investigation of this case. The defendant is entitled to know whether any electronic surveillance equipment was used in the investigation of this case.

Therefore, if the evidence was illegally obtained it must be suppressed. The application for issuance of the search warrant, withheld from the issuing Judge that Miss Veloria had been subjected to interception of wire and/or oral communications without a warrant, in violation of Miss Veloria's right to privacy in Hawaii, and in violation of state and federal statutes, and this provided sufficient grounds for the defendant as an aggrieved party to submit the 18 U.S.C. 3504 motion requiring the government to admit or deny whether they violated any local, state or federal law in the investigation and prosecution of this case.

The limited discovery disclosed to the defendant, and the statements of former defense counsel, indicate an undercover operation covering many months may have been conducted against the defendant. There was an indication that some state agencies were involved in the undercover operation, and may have been participating with federal agents or their agencies. Therefore, there may have been violations of federal as well as state statutes and ordinances in developing evidence.

The legislature has spoken in words which are clear and requirements which are mandatory that the interception of conversations and use thereof, or any evidence derived therefrom, in violation of that chapter is prohibited. 18 USC ' 2515. In addition, the Constitution of the United States, the State of Hawaii, and certain State and Federal Statutes prohibit the warantless acquision and use of certain evidence.

WHEREFORE, for the above and foregoing reasons, it is necessary for the

4

defendant to require the government to admit whether they violated any local, State, or Federal law in the investigation and prosecution of this case.

Respectfully submitted this 6th day of June, 2003.

_____
WINSTON LING
Attorney for Defendant:
ALICIA VELORIA

## CERTIFICATE OF SERVICE

I, Winston D.M. Ling hereby certify that a true and exact copy of the foregoing document was mailed, and/or hand delivered, to the following:

THOMAS J. BRADY
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff:
UNITED STATES OF AMERICA

On this 6th day of June, 2003.

Signed, _____