After this case was dropped by the State not once but twice, I was able to get back on the right track and begin to move forward with my life. You have mentioned before that this does not make a difference to the Criminal Justice system. I believe it does make a difference, and I would like to share with you why it should make a difference. I am a valuable person and am worth fighting for. I will be the first to admit that I have made many mistakes in my life, some of which I have paid dearly for. It will not do anyone any good to put me in prison. It will only cost taxpayers more money, and turn a potential productive member of society into an institutionalized convict. All of this happened four years ago and I believe that it is evident that I am no longer around any illegal activities. I do not deserve to go to prison. I know you probably hear that all of the time, but in this case it is true.

There are some things I want you to know about my life so that I will not be just a case number to you. I was born in Seattle. I was abandoned as an infant by my mother and eventually ended up in a foster home. My mother then kidnapped me, and fled to Hawaii to hide. I grew up in a seriously dysfunctional home. I have lived with various family members due to my parent's inability to provide a stable environment for me to grow up in. With the help of my mother's family in Alaska, I was able to overcome the trauma I was exposed to as a child.

I have been attending college since I graduated from High school, which was in June of 94. Since then there have been only two semesters which I was not registered for classes; Spring semester of 96, and Spring semester of 97. I was enrolled and attending college at the time my truck was seized.

Now I would like to address the case at hand.

I have received the discovery your office has sent, and it seems to be about the same as what I have provided to you. The only additional information I noted was as follows:

Name/Alpha inquiry for the last name Veloria,

EXHIBIT 29 B

Land plat for Glenwood area,

Printout for the truck's registration,

Checklists for forfeiture seizures,

Record of seized vehicle,

Photograph record of "personal items" within the truck taken on 11-27-96 (5 days after seizure of truck),

List of items recovered during search of vehicle on 11-23-96 beginning with a black metal case and including a list of makeup,

List of serial numbers of $100's $50's $20's $10's $5's and $1's,

Affidavit in support of application for warrant of arrest dated December 11, 1996,

Complaint showing seven counts which is dated June 30, 1997.

It should be noted that within the discovery you sent me, there are duplicates of the following; application of warrant for house, signed search warrant, exhibit A drug paraphernalia, and return of search warrant (although the back page of items seized is missing).

However, it appears to me that there are a couple of items that I provided to you from the state's discovery that are not within this packet. These are as follows:

Individual police report from Manuel Bega

Signed search warrant for the turquoise ford ranger

At this time I would like to apologize for my inability to recollect everything that happened on July 10 and November 22, 1996. I thought this was all over 2 1/2 years ago when the state dropped the case for the second time. The attorneys I have consulted since my arrest are puzzled at the nearly four year delay for this indictment. I would like you to explore the possibility of a motion to dismiss based on pre-indictment delay. There is a possibility that my case has been prejudiced in the event we are unable to locate witnesses or if the witnesses are unable to recall all the details due to the lapse of time.

There are several issues that I would like to address, beginning with the search warrant of the house on Mauna Loa St.. First of all I would like to stress to you that the house on 69 Mauna Loa Street was not my residence. I did

3