June 28, 2002

Dear Mr. Gurrero,

 I have attempted to contact you via telephone, but have had no luck.  I have been looking through my legal papers and research and would like to discuss with you some ideas that I have in regards to potential motions and possible witnesses.  On several occasions I have spoken to Mr. Silvert regarding these issues, but never really received a straight answer.

 I would like for you to do another motion to suppress the evidence found in the truck because I was unable to call another witness by the name of Keau Miles, because he passed away in May of 99.  I have suffered prejudice to my case because he is no longer available to me as a witness to testify as to the unauthorized opening of the truck door.  This witness, unlike the two others would have been much more credible in that he was not a drug addict with several felony convictions like Lisa Iaukea, and would have been a credible perceptive adult, unlike Kainoa Huihui who also testified at my suppression hearing.  Also, at the hearing, Judge Mollway shifted the burden of proof and defense had to go first, is this normal?

What I am getting at here is that I would like to preserve all of my rights to appeal.  If I understand the law correctly, these questions need to be raised prior to trail.  I would like for the defense to put forth any and all motions, which are applicable and could possibly give me a right to appeal a guilty verdict on the grounds that I have been denied a trial free from constitutional error.

Also, I believe that the defense should put forth a motion to dismiss these charges on the grounds that I have suffered prejudice due to pre-indictment delay.  There is much case law that refers to pre-accusatory delay, which is not applicable to me because these charges were first brought forth in December of 96 by the state of HI and then dismissed with prejudice and then again somewhere in 97 whereby they again were dismissed without prejudice.  Therefore I have stood accused of these crimes for nearly six years.

Another potential motion could be a suppression of evidence found in the house because of a vague and overbroad warrant because it did not describe which unit to be searched… weather upstairs or downstairs.  Also, if you look at police reports, you will see that they entered the house at 07:16am, yet did not find Joseph Andres who was sleeping in the bottom unit (with a crack pipe in his hand) until 08:00.  These were little units and they must have a reasonable explanation for this, as there were at least five officers present for this raid.

I would like for you to subpoena my older half brother Richard Marble to testify at my trial.  Due to the length of time that has passed and the inability of the prosecution to charge him with these crimes he has told me that he would be willing to testify and provide information and explanations for much of the evidence, which will be used against me.  My brother is eyeball deep in responsibility for this case and should be

EXHIBIT 31 A

called as a witness. However, I do not know where he is and have been trying unsuccessfully to locate him. His name is in the police reports, along with his DOB and SS#. If you could locate him, I am sure he would talk to you provided he was aware through me that you in fact were representing me. However, it may be difficult to get him to speak to you over the phone.

I would also like your investigator to find a man named Myles Kurashige (who is in the police report as being arrested at the house for attempting to purchase marijuana from an officer. I have requested that police report several times from Mr. Silvert, but never received it. He needs to be called as a witness to testify as to who was dealing out of the house. And if he cannot be found after all this time, then is that not also prejudice that I am not able to find yet another potential witness?

In light of all of these requests, I would not be opposed to another continuance provided it was not over two months. I have on several occasions conveyed this information to Mr. Silvert, but I do not believe he acted upon any of these issues. Please contact me regarding this letter ASAP. I can be reached almost always, and will be anticipating your call soon.

Sincerely,

*Alicia Veloria*

Alicia Veloria
(907) 333-4005 home
(907) 227-3445 cell
aliciaveloria@hotmail.com