Alicia Veloria # 14144-006
Federal Prison Camp
5675 8th St. - Camp Parks
Dublin, CA 94568

June 13th, 2004

Samuel King
735 Bishop St. Suite #304
Honolulu, HI 96813

Dear Mr. King,

According to the last docket sheet I recieved from the 9th Circuit, my appeal is due tomorrow. I hope you have requested an extension. I will be calling your office tomorrow to remind you just in case, since everything you do or don't do will eventually come back on me.

I have enclosed several copies along with this letter. I am hoping that they may help you with my appeal. Most importantly, I have discovered that Brady, in arguing to admit 404 (b) evidence, he stated (as seen on p. 142 of Vol. I) that Barcena can testify that she bought crack from me within a week of the house raid. I have reviewed Ann Barcena's initial statement of 6/20/98, as well as her Grand jury testimony on July 8, 98, and neither of them make any reference to a even a specific month in 1996. In addition, her trial testimony did not support Bradys statement.

I believe that the record is clear that Brady misrepresented and overstated Barcena's testimony in order to have Mollway allow the use of 404(b) evidence against me. This is a very important issue because, without Barcena's testimony- all they have is me sleeping on the floor of a house that they can't prove was mine. There were two other people in that house when they raided it, and there were several other peoples " items of personal property". I was prejudiced by the District court's decision to admit this evidence because there is a substantial likely hood of a different outcome had this testimony not been given to the jury.

I believe that the broad reference to "sometime in 1996" does not satisfy the reasonbleness standard of the remoteness in time considerations when deciding whether to admit such evidence. Will you please look into the above mentioned items and call me to discuss them?

I have also included a copy comparing the first pages of Barcena's OBTS. I strongly urge you to look into her record and evaluate it yourself as to whether or not she recieved consideration, or had the hope of recieving some benefit. She was resentenced for six felonies on April 11th, 2000. (I have her sentencing transcript) Low and behold, I was indicted on April 13th, 2000. This OBTS shows the date as being on 04/12/00. Will you at least look in to it? This woman is the single witness that got me convicted. My fingerprints were not on the drugs. I wasn't sleeping on the bed in the room with the drugs. Both the front door and the bedroom doors were unlocked and I was sleeping on the floor in the living room. Without her testimony the chances of conviction would have been drastically reduced.

You can call (925) 833-7500 and speak with Ms. Taylor, camp counselor to request a legla call with me. Mr. Cook, Mr. Powers, or Mr. Orla may be willing to arrange a leagal call as well.

We are going to have this conviction reversed!

Sincerely,


Alicia Veloria

EXHIBIT 32 F