IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA VELORIA, | ) | CRIM. NO. 00-00145 SOM |
| | ) | CIV. NO 08-00019 SOM/BMK |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | DISCOVERY; ORDER DENYING |
| | ) | MOTION FOR APPOINTMENT OF |
| UNITED STATES OF AMERICA, | ) | COUNSEL; ORDER DENYING MOTION |
| | ) | TO DENY GOVERNMENT AN |
| Respondent. | ) | EXTENSION OF TIME TO FILE ITS |
| | ) | RESPONSE TO THE PETITION; |
| | ) | ORDER DENYING MOTION TO |
| | ) | EXPEDITE THE PETITION OR, |
| | ) | ALTERNATIVELY, TO RELEASE |
| | ) | VELORIA PENDING ITS |
| | ) | ADJUDICATION; ORDER DENYING |
| | ) | MOTION TO PROCEED IN FORMA |
| _____ | ) | PAUPERIS |

ORDER DENYING MOTION FOR DISCOVERY; ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL; ORDER DENYING MOTION TO DENY GOVERNMENT
AN EXTENSION OF TIME TO FILE ITS RESPONSE TO THE PETITION; ORDER
DENYING MOTION TO EXPEDITE THE PETITION OR, ALTERNATIVELY, TO
RELEASE VELORIA PENDING ITS ADJUDICATION;
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Alicia Veloria filed a petition under 28 U.S.C. § 2255, asking this court to vacate, set aside, or correct her sentence. See Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody at (filed nunc pro tunc Dec. 26, 2007) ("Petition"). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this court has ordered the Government to file an answer, motion, or other response to the Petition no later than February 6, 2008.

Along with her Petition, Veloria filed a motion for discovery, a motion for appointment of counsel, a motion to deny

the Government an extension of time to respond to the Petition, a motion to expedite her petition, and a motion to proceed in forma pauperis.  These motions are all denied.

Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Veloria requests leave of court to conduct discovery.  Specifically, Veloria seeks to depose Alexander Silvert, Winston Ling, Emmanual Guerrero, Ann Barcena-Pacheo, and Michael Ebesugawa.  Veloria states that "evidence developed through the foregoing depositions will materially support" the claims set forth in her 207-page memorandum in support of her Petition.  This conclusory statement is insufficient to demonstrate the "good cause" necessary for this court to order such discovery under Rule 6(a).  Accordingly, the court denies Veloria's request for discovery without prejudice.

Veloria also seeks appointment of counsel under Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings. Rule 6(a) requires appointment of counsel "[i]f necessary for effective discovery" when the petitioner "qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Because Veloria has failed to demonstrate that discovery is warranted, Rule 6(a) does not require appointment of counsel to Veloria at this time.  Rule 8(c) requires the appointment of counsel "[if] an evidentiary hearing is warranted" when the petitioner "qualifies to have counsel appointed under 18 U.S.C. § 3006A."  At present, this

court has not decided to have an evidentiary hearing pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings. Accordingly, Rule 8(c) does not require appointment of counsel at this time. The court therefore denies Veloria's request for appointment of counsel without prejudice.

The court denies Veloria's motion to deny the Government an extension of time to answer the Petition. This matter has been set for hearing on March 31, 2008, at 10:30 a.m., and the Government's response to the Petition is due no later than February 6, 2008. The Government has not requested an extension. If the Government does so move, the court will consider the reason for the motion.

The court also denies Veloria's motion to expedite and/or release her pending the adjudication of her Petition. Veloria was convicted by a jury and that conviction was affirmed by the Ninth Circuit Court of Appeals. Veloria's motion has not demonstrated any factual or legal reason or authority to expedite the Petition or release her pending the adjudication of her Petition. Accordingly, that request is denied.

Finally, Veloria has filed an Application to Proceed In Forma Pauperis. Veloria is incarcerated, making only approximately $8.15 per month as wages for working at the Carswell Federal Medical Center. Her prison account currently has only $127.18 in it and has only had an average monthly

balance of $260.00 in it for the past six months.  Veloria has certified that she has no other assets (other than deposits into her prison account by family members).  Although Veloria has demonstrated a lack of financial resources, the court denies her motion for In Forma Pauperis status at this time because there are no costs currently involved with her Petition.  Veloria may renew her motion for in forma pauperis status at a later date if any court costs do come into issue.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, January 9, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Veloria v. United States, CRIM. NO. 00-00145 SOM; CIV. NO 08-00019 SOM/BMK; ORDER DENYING MOTION FOR DISCOVERY; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; ORDER DENYING MOTION TO DENY GOVERNMENT AN EXTENSION OF TIME TO FILE ITS RESPONSE TO THE PETITION; ORDER DENYING MOTION TO EXPEDITE THE PETITION OR, ALTERNATIVELY, TO RELEASE VELORIA PENDING ITS ADJUDICATION; ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS