```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )   CV. NO. 08-00019 SOM/BMK
                              )   CR. NO. 00-00145 SOM
             Plaintiff,       )
                              )   MEMORANDUM OF LAW
        vs.                   )
                              )
ALICIA VELORIA,               )
                              )
             Defendant.       )
_____)
```

                        MEMORANDUM OF LAW

      Defendant VELORIA's instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is premised, in part, upon the alleged ineffective assistance of her appointed prior counsel Alexander Silvert, First Assistant Federal Public Defender, trial counsel, Winston D.M. Ling, Samuel P. King, Jr., counsel assigned for sentencing purposes, as well as appellate counsel Shawn Luiz.

      Defendant has lodged in her motion, a claim of ineffective assistance of counsel by her former counsel for failing to fully prepare for trial, failing to adequately cross-examine and impeach the Government's witnesses, more aggressively challenge the Government's evidence, as well as well as other allegations of ineffectiveness. Veloria next alleges ineffectiveness of her counsel during the sentencing phase of her case. Finally, VELORIA is alleging that her appellate counsel was also ineffective for failing to raise specific issues on appeal before the Ninth Circuit Court of Appeals.

Given Defendant's allegations, this Court should order that Defendant has waived attorney-client privilege with respect to her prior legal representation by former counsel Alexander Silvert, trial counsel Winston D.M. Ling, sentencing counsel Samuel P. King, Jr., as well as Shawn Luiz, such that former counsels and appellate counsel can submit declarations, be interviewed and/or called as witnesses, if necessary, and the files reviewed for relevant evidence.

Federal law is clear that:

> attorney-client privilege 'was intended as a shield, not a sword'.  [citation omitted] in other words, '(a) defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes'.

Cos v. Administrator, U.S. Steel, 17 F.3d 1387, 1417 (11th Cir. 1994), modified, 30 F.3d 1347 (11th Cir.), *cert. denied*, 115 S.Ct. 900.

By making his direct accusations of ineffective assistance against trial and appellate counsels in this case, defendant has waived all attorney-client privilege with respect thereto.  In the illustrative case of Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), the defendant has alleged in a § 2255 action, ineffective assistance of her court-appointed defense counsel.  When the former defense counsel was called as a witness at the evidentiary hearing, defendant objected on the

basis of attorney-client privilege.  In utterly rejecting defendant's contention, the Fifth Circuit said:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion.  Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations.  We are unable to subscribe to this proposition.  The privilege is not an inviolable seal upon the attorney's lips.  It may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327.

In <u>Henderson v. Heinze</u>, 349 F.2d 67, 70-1 (9th Cir. 1965), the Ninth Circuit similarly observed:

> If the communications by petitioner's [former defense] counsel to petitioner . . . are within the privilege, we hold that the privilege was waived when petitioner claimed in his habeas corpus proceeding that his right to be free of unreasonable search and seizure had been violated.  In the usual case, only the petitioner and his counsel are possessed of knowledge concerning the

>       'deliberate' character of his failure to
>       raise a defense.  Were we to hold that the
>       facts in this regard may not be the
>       legitimate subject of inquiry in a habeas
>       corpus proceeding [due to attorney-client
>       privilege], no basis would exist upon which
>       the District Court could exercise its
>       discretion other than upon the bare
>       assertions of the petitioner.  We refuse to
>       countenance such result.

These holdings are also entirely consistent with the American Bar Association's Model Rules of Professional Conduct ("Model Rules") adopted by this Court in L.R.83.3.  Rule 1.6 of the Model Rules provides as follows:

>       (b)  A lawyer may reveal such
>       information to the extent the lawyer
>       reasonably believes necessary:
>
>           (2) to establish a claim or defense
>       on behalf of the lawyer in a controversy
>       between the lawyer and the client, to
>       establish a defense to a criminal charge, or
>       civil claim against the lawyer based upon
>       conduct in which the client was involved, or
>       to respond to allegations in any proceeding
>       concerning the lawyer's representation of the
>       client.

                              CONCLUSION

The allegation in VELORIA's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence necessitate the waiver of the attorney-client privilege in order for this Court to hear all of the relevant evidence regarding the alleged issues of ineffective assistance of counsel.  For the foregoing reason,

//

//

the United States of America submit that the instant motion should be granted and the appended, proposed Order issued by this Court.

        DATED: January 9, 2008, at Honolulu, Hawaii.

                Respectfully submitted,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii

                 /s/ Thomas J. Brady
                By THOMAS J. BRADY
                Assistant U.S. Attorney