ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 11 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 00-00145 |
| ) | Civil No. |
| Plaintiff - Respondent ) | HON. SUSAN OKI MOLLWAY |
| ) | |
| v. ) | |
| ) | |
| ALICIA VELORIA ) | ERRATA TO MEMORANDUM IN |
| ) | SUPPORT OF 2255 MOTION |
| Defendant - Movant ) | |

COMES NOW, Alicia Veloria, pro se, and submits this errata to her memorandum submitted in support of her motion under 28 U.S.C. § 2255. These corrections are necessary as Ms. Veloria's Memorandum was typed by an outside party and these mistakes were not present in her original handwritten version.

The corrections are as follows:

In Claim Number One, on page 31, fourth line from the bottom, insert ",trial" so that sentence reads: "The intentional withholding of exhibit 28 prejudiced Ms. Veloria during pretrial, trial and on appeal."

Claim Number Thirty-Seven did not include all of the claim as written. The parts that were inadvertently omitted are bracketed for clarification in respect to the original.

CLAIM NUMBER 37

MS. VELORIA'S SIXTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO AN IMPARTIAL JURY WERE VIOLATED WHEN COUNSEL FAILED TO REQUEST AN ALLEN CHARGE AFTER MS. VELORIA'S JURY INDICATED

### THEY WERE DEADLOCKED THREE DAYS BEFORE CONVICTING MS. VELORIA.

On June 10, 2003, after two days of delibertations, Ms. Veloria's jury sent out Jury Communication Number Three bearing the words "If we have come to a conclusion that is not unanimous - All jurors have voted on all counts. Do you want us to continue deliberating?" The Court's response was, "Yes, please continue delibertating." (See Dkt #134)

However, as seen on page five of Ms. Veloria's Jury Communications and Verdict transcript, the Court fails to put on record the entire contents of the third note from the jury. The Court conveniently left out the most critical part of the note and simply stated on teh record, "We have a note from the jury, which ends with the question, quote, Do you want us to continue deliverating, closed quote. And I propose to respond by saying, 'Yes, please continue deliberating.'"

Ms. Veloria's present was waived, without her knowledge and her in absence, trial counsel failed to object to this proposal. Further, trial counsel was ineffective [for failing to recognize the necessity for additional instructions to be given to the jury in the form of an Allen charge. The record reflects that the jury struggled to return a verdict, which occurred three days later - an entire week after closing arguments had been given.

The submission of an Allen instruction, reminding jurors of their duty to deliberate in an effort to reach an unanimous verdict, is not premature after a note was received stating that the jury was unable to reach an unanimous verdict. An

**VELORIA'S ERRATA TO MEMORANDUM PAGE TWO**

Allen charge should be given when it it apparent to the district court from the jury's conduct or length of deliberations that the charge is clearly warranted. **Sullivan v. United States,** 414 F.2d 714, 716 (9thCir. 1969).

Jury Communication Number Three, on it's face, is sufficient to show that the jury was deadlocked three days before they finally rendered a verdict convicting Ms. Veloria. The length of deliberations, the presence of eight jury communications containing questions which were] mostly unanswered - on account of trial counsel's failure to present any evidence on behalf of Ms. Veloria, and the heated argument just prior to the verdict, all demonstrate the difficulty the jury was having in reaching a decision on Ms. Veloria's guilt or innocence. A neutral form of the Allen charge, based upon the Ninth Circuit Model Criminal Jury Instruction 7.7, should have been given to Ms. Veloria's jury.

Decisions coming out of the varying circuits reinforce the practice of administering an Allen charge once a jury indicates an inablility to come to an unanimous verdict. Additionally, the length of deliberations, the abundance of communications from the jury and the contents of those communications all establish that an Allen charge would have been beneficial to Ms. Veloria's jury. In **Smalls v. Batista, 191 F.3d 272 (2ndCir. 1999),** the Court found that an Allen charge properly contained the following language: "at all times[,]...the Government has the burden of proof beyond a reasonable doubt [and no juror should surrender his or her honest conviction as to the weight or the effect

**VELORIA'S ERRATA TO MEMORANDUM PAGE THREE**

of the evidence to his fellow or her fellow jurors or for the purpose of returning a verdict." (**Small v. Batista, 191 F.3d 279-80**).

The trial court erred in her decision not to administer an Allen charge to Ms. Veloria's jury. Trial counsel was ineffective for failing to request an Allen charge, thereby exercising Ms. Veloria's constitutional right to an unanimous verdict. Ms. Veloria was prejudiced by her counsel's failure because a previously deadlocked jury returned with a guilty verdict three days after documented problematic deliberations. (See transcript of proceedings from June 10, 2003 - June 13, 2003 and docket entries 129-146).

Ms. Veloria should not be held accountable for appellate counsel's failure to recognize this issue and raise it for review on appeal. As previously noted, appellate counsel's refusal to raise various issues on appeal is well documented] in Ms. Veloria's case. (See exhibits 32 A-H, 33, 34 and 35). The decision of the Court, which does not even consider an Allen charge, should be weighed and scrutinized against the rights provided to a criminal defendant by the Sixth Amendment. Furthermore, defense counsel was ineffective for waiving Ms. Veloria's presence, without her knowledge, and then failing to adequately address this issue in light of prevailing norms.

Ms. Veloria request reversal of her conviction.

In Claim Number Thirty-Eight, page 173, strike the words after the second to the last sentence which reads: "indicating

**VELORIA'S ERRATA TO MEMORANDUM PAGE FOUR**

they were deadlocked."₄₂₉

For the title of Claim Number Thirty-Nine, listed on pages IX, 11, 21, 29 and 174, strike the words from the claim title starting with "CONSISTENTLY FAILING TO CONSTRUE CIRCUMSTANCES IN LIGHT MOST FAVORABLE TO DEFENDANT AS WELL AS" such that the title of Claim Number Thirty-Nine reads as follows:

## CLAIM 39

**THE COURT CONTRIBUTED TO THE DENIAL OF MS. VELORIA'S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW BY INTENTIONALLY GIVING INACCURATE SPELLING AND CITATIONS FOR CASES THAT WOULD HAVE ASSISTED THE DEFENSE DURING TRIAL AND ON APPEAL**

In Claim Number Forty-Three, page 187, line eight, the word "NOT" should be added in such manner that the sentence reads: "On June 13, 2003, a federal jury found Ms. Veloria NOT guilty of the offense stemming from the seizure of Ms. Veloria's truck on November 22, 1996."

In Claim Number Forty-Four, page 190, line two, the sentence reading "Each gram of powder produces approximately 89 grams of crack" should read "Each gram of powder produces approximately .89 grams of crack."

The foregoing corrections are to be made a part of and included in the original Memorandum in Support of 2255 Motion previously filed by Movant.

Respectfully Submitted,

*Alicia Veloria*
Alicia Veloria, Pro Se
Reg Number 14144-006
Federal Medical Center, Carswell
P.O. Box 27137,
Ft. Worth, TX 76127

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 00-00145 |
| ) | Civil No. |
| Plaintiff - Respondent ) | HON. SUSAN OKI MOLLWAY |
| ) | |
| v. ) | |
| ) | |
| ALICIA VELORIA ) | CERTIFICATE OF FILING |
| ) | |
| Defendant - Movant ) | |

Pursuant to the principles of **Houston v. lack, 487 U.S. 266, 276 (1988),** the attached Errata was filed with the Court on this date by depositing three copies of the same into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to:

Clerk, U.S. District Court
Prince Kuhio Federal Building
300 Ala Moana Blvd
Honolulu, HI 96850

U.S. Attorney's Office
AUSA Brady
300 Ala Moana Blvd, Rm 6-100
Honolulu, HI 96850

I have read the foregoing and state that the facts are set forth upon personal knowledge and are true and correct.

Signed under penalty of perjury under 28 U.S.C. § 1746 this ___7th___ day of January, 2008.

*Alicia Veloria*
Alicia Veloria, Pro Se
Reg No 14144-006
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127