IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00145 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RELEASE ON BOND PENDING |
| vs. | ) | DECISION ON § 2255 MOTION |
| | ) | |
| ALICIA VELORIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RELEASE ON BOND
PENDING DECISION ON § 2255 MOTION

Defendant Alicia Veloria asks to be released pending
this court's decision on her motion under 28 U.S.C. § 2255.  The
request to be released is denied.

Veloria is now serving the sentence imposed by the
court.  That sentence was the subject of an appeal to the Ninth
Circuit, which affirmed the judgment.  Veloria's present release
request argues that she is raising meritorious claims in her
§ 2255 motion.  The § 2255 motion has been set for hearing on
March 31, 2008.  The Government's deadline for responding to that
motion has not yet passed, and there is no presumption in favor
of granting a § 2255 motion.  The court has not at this stage
determined whether the § 2255 motion will be granted or denied,
or even whether there is a likelihood that it will be granted or
denied.  The court wants, at the very least, to review the
Government's response with respect to the numerous substantive
issues Veloria raises.  Veloria's reliance on a likely granting

of the motion is not a ground that this court can rely on at this point.

The court notes that it does sometimes rule on § 2255 motions before responses are filed.  In those instances, the court has been able to determine from reviewing only the moving papers that the entire motion will be denied.  In that event, the movant is not prejudiced by the court's prompt denial of the motion even before an opposition memorandum is filed, as the opposition memorandum would only bolster the denial.  As Veloria's  § 2255 motion does not fall into that category, the court is not summarily denying the § 2255 motion.  That does not mean, however, that the court is likely to grant the motion.

Veloria appears to think that releases pending decisions on § 2255 motions are somehow the norm.  The court is actually unaware of any example of such release.  Veloria is not in the position of someone pending trial, or even of someone pending disposition of an appeal, although she likens herself to such a person.  Instead, Veloria is in the midst of serving a sentence that has been affirmed.

There are, in addition, logistical issues.  Veloria will be transported from her mainland facility to Honolulu for the upcoming hearing next month.  She presents various options regarding release in various locations.  A defendant who is released must still be monitored while released. This typically

involves reporting to a probation officer, if the defendant is on

supervised release, which Veloria is not.  Travel out of the

district where the defendant is being supervised usually has to

be authorized by a court.  It makes no sense to this court to

release Veloria during the period in which she is to be

transported, as any monitoring would have to be transferred from

district to district, among multiple probation offices.

        The release request is DENIED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii; February 8, 2008.



                      _____
                      Susan Oki Mollway
                      United States District Judge

United States v. Alicia Veloria; Cr. No. 00-00145 SOM; ORDER
DENYING MOTION FOR RELEASE ON BOND PENDING DECISION ON § 2255
MOTION