```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )    CR. NO. 00-145 SOM
                             )
    vs.                      )
                             )
ALICIA VELORIA,              )
                             )
          Defendant.         )
_____)


               TRANSCRIPT OF PROCEEDINGS


    The above-entitled matter came on for

Defendant's Motion to Suppress Statements commencing

at 8:30 a.m. on Tuesday, November 26, 2002, Honolulu,

Hawaii,


BEFORE:   HONORABLE SUSAN OKI MOLLWAY

          United States District Judge

          District of Hawaii



REPORTED BY:   LISA J. GROULX, COURT REPORTER

               Notary Public, State of Hawaii
```

LISA GROULX & ASSOCIATES
(808) 225-5701

EXHIBIT "D"

```
 1            THE COURT:  Well, then, he'll be happy
 2   to be here right now.  Okay.  But, as I say, you know,
 3   the letter -- for purposes of what is going to be
 4   suppressed or not in this trial, to me, this letter is
 5   not ambiguous.  It does allow the government to use
 6   Ms. Veloria's statements, if Ms. Volaria, in the
 7   defense case in chief, puts on evidence either through
 8   herself or through another witness that is contrary to
 9   the statements she gave.
10            (Whereupon Mr. Silvert enters the courtroom.)
11            THE COURT:  Okay.  Here's Mr. Silvert.
12   I am very sorry to have bothered you on what I'm sure
13   you were delighted was a week away from me when you
14   did not have to see me in the other case in which we
15   are seeing each other constantly.  Thank you very much
16   for coming in.
17            But here's the situation.  Mr. Ling has
18   submitted a declaration in support of a motion to
19   suppress.  He is seeking to suppress any use by the
20   government of statements that Ms. Veloria made during
21   her debriefings by the government.
22            The government is taking the position that
23   the proffer letter permits it to use her statements
24   if, in the defense case in chief, she takes the stand
25   and says something different from what she said at the
```

1  debriefing or she calls a witness who takes the stand
2  and says something contrary to what she said at her
3  debriefing.  Okay.  And Mr. Ling has submitted a
4  declaration that consists of only his declaration.
5           MR. SILVERT:  Right.
6           THE COURT:  And the substantive part of
7  his declaration, if it can be called that, is the last
8  paragraph that says, quote, "I conferred with Federal
9  Public Defender Alex Silvert who informed me that it
10 was his understanding that Thomas Brady could not use
11 the statements that were made by defendant during the
12 interview on September 3, 2001 against defendant at
13 trial."
14          Now Mr. Brady is agreeing that the statements
15 cannot be used in the government's case in chief.  Did
16 you mean something beyond a prohibition on use in the
17 government's case in chief or did you even make this
18 statement to Mr. Ling?
19          MR. SILVERT:  I don't remember making
20 the statement but I will tell you exactly what my
21 understanding of the proffer session was.
22          THE COURT:  Okay.  Thank you.
23          MR. SILVERT:  Which is, number one, the
24 government cannot use it in their case in chief.  The
25 government can use it to impeach the defendant if she

```
 1  takes the stand and says something different.  I do
 2  not believe the government can use it against a non
 3  testifying defendant.  In other words, I don't believe
 4  they can use her statement to impeach a defense
 5  witness.
 6            THE COURT:  Can you take a look at that
 7  paragraph four, where, four lines from the bottom, it
 8  says, "to rebut any evidence offered by or on behalf
 9  of Ms. Veloria in connection with the trial of the
10  above captioned matter."
11            MR. SILVERT:  Right.  Your Honor, we've
12  read that and I did inform the lawyer it was if she
13  took the stand and testified that they could use her
14  own statements against her.  We've never interpreted
15  that to mean that they could use her statements
16  against anyone else, and that's what we informed our
17  client.
18            THE COURT:  It wasn't -- okay.  Let me
19  make sure I'm understanding you.  I don't think the
20  government is saying it can use her statements against
21  a witness to incriminate the witness but rather for
22  the purpose of -- to the extent the witness is
23  attempting to exonerate Ms. Veloria and say Ms.
24  Veloria didn't do this or didn't know this or didn't
25  say this, I think the government is saying it can use
```

```
 1   Ms. Volaria's statements, it can raise those in
 2   rebutting what the witness is denying was Veloria's
 3   knowledge, intent or position was.
 4              MR. SILVERT:  Right.
 5              THE COURT:  So they would presumably
 6   call the agent in the rebuttal portion of the
 7   government case to say I know Ms. Veloria's defense
 8   was that witness so and so came in and said, you know,
 9   she's never seen this drug, she doesn't know anything
10   about it, but here we have the agent who interviewed
11   her. You think that is not allowed?
12              MR. SILVERT:  Well, I'll just tell you
13   what our interpretation has been and what I informed
14   Ms. Veloria, and it may not be correct, but this is
15   what it has been, that we have taken that to mean that
16   the government cannot and will not use her statement
17   in any way except if she takes the witness stand and
18   testifies differently from what she said.
19         We have never thought about the fact that the
20   government would take the position it could use those
21   statements in rebuttal if the defense offered any
22   evidence whatsoever from any source. We've never -- I
23   can tell you, in the office we've never discussed that
24   possibility. We never interpreted this to mean that.
25   And I certainly did not inform Ms. Veloria of that
```

1  before going into the debriefing.

2  What I informed her was that any statement
3  she made could be used against her if she took the
4  stand and any motion or anywhere and testified
5  differently.

6  THE COURT: Okay. In this particular
7  case, what the government is doing is offering
8  correspondence from Ms. Veloria. And the government's
9  argument is that Ms. Veloria is trying to convince
10 others to take the stand and to testify to things that
11 the government claims didn't really occur. And its
12 reading Ms. Veloria's letters as trying to induce or
13 solicit testimony by others. And these letters
14 specifically state that Ms. Veloria cannot take the
15 stand for fear of being impeached, but can these other
16 people please take the stand and recount the
17 following, which she outlines in some detail for them,
18 which the government claims is different from what
19 really occurred.

20 MR. LING: Your Honor, I think what this
21 centers on is --

22 THE COURT: Well, hold on. I want to
23 get all we need out of Mr. Silvert. I'll give you a
24 chance to argue but I want to excuse him because I
25 have some understanding of what it is that he is

1  actually occupying himself with.

2           And so it is in that context that the
3  government is saying, okay, she's going to put forward
4  a witness with a totally different version and we get
5  to use her statement then in rebuttal through the
6  agent.

7           MR. SILVERT: All I can say is I don't
8  know if she's, by her actions, waived or violated the
9  terms of the agreement. I can't answer that. All I
10 can tell you is that when we went into the debriefing
11 I did not anticipate nor did I think that the proffer
12 session could be used in rebuttal. I had thought it
13 could only be used against her. But in terms of what
14 she's done since then and whether it opens up the
15 door, I can't answer that.

16          THE COURT: Okay. Did either counsel
17 have an inquiry they wanted to make of Mr. Silvert
18 while he's here? Because, otherwise, I'm going to
19 excuse him.

20          MR. BRADY: No, Your Honor.

21          MR. LING: No, Your Honor.

22          THE COURT: Okay. Thank you very much.

23          MR. SILVERT: Thank you.

24          THE COURT: Okay. Mr. Ling, I'll throw
25 this back to you.