EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY      #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA VELORIA, | ) | CR. NO. 00-00145 SOM |
| | ) | |
| Petitioner, | ) | |
| | ) | UNITED STATES MEMORANDUM IN |
| vs. | ) | RESPONSE TO DEFENDANT'S |
| | ) | MOTION UNDER 18 U.S.C. |
| | ) | § 3582(c)(2) FOR REDUCTION IN |
| | ) | TERM OF IMPRISONMENT; |
| UNITED STATES OF AMERICA, | ) | EXHIBITS "A" and "B"; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | DATE:  March 31, 2008 |
| | ) | TIME:  10:00 a.m. |
| | ) | JUDGE: Susan Oki Mollway |
| _____ | ) | |

**UNITED STATES MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION UNDER 18 U.S.C. § 3582(c)(2)
FOR REDUCTION IN TERM OF IMPRISONMENT**

On February 27, 2006, Defendant ALICIA VELORIA ("VELORIA" or "Defendant") filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. While the amendment does apply to VELORIA's case, this Court has discretion with regard to whether to grant it, and the government submits, for the reasons set forth below, that the defendant's sentence should not be lowered.

**I.    BACKGROUND**

    **A.    Trial and Original Sentencing Below**

A jury in the District of Hawaii found VELORIA guilty of possession with intent to distribute in excess of 5 grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), Count 1 of a two-count Indictment filed on April 13, 2000. VELORIA was found not guilty as to Count 2, possession with intent to distribute in excess of 500 grams of cocaine.

The Honorable Susan Oki Mollway, United States District Judge, sentenced VELORIA on November 3, 2003. Based upon the count of conviction, VELORIA faced a maximum possible sentence of 40 years imprisonment, with a mandatory minimum term of five

years imprisonment, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B).  During the sentencing hearing, the Court adopted the Sentencing Guidelines calculations as set forth in the Pre-Sentence Report ("PSR"), and found VELORIA responsible for relevant conduct of approximately 22.6 grams of cocaine base (Count 1), as well as the acquitted conduct, to wit, 539.8 grams of cocaine (Count 2).  After conversion, VELORIA was held accountable for 559.96 kilograms of marijuana.  Based upon the drug quantities, the Court calculated a base offense level of 28.  In addition, the Court found, by a preponderance of the evidence, a two-level upward adjustment for obstruction of justice.  VELORIA's total offense level was assessed at 30, Criminal History Category of I, with a guideline range of 97 to 121 months imprisonment.

     VELORIA objected to the entire factual summary of the offense conduct, the amount of drugs attributable to her, as well as the upward adjustments based upon drug quantities and obstruction of justice.  Following lengthy and significant argument from the parties, the Court sentenced VELORIA to 97 months of imprisonment, well below the statutory maximum of 40 years imprisonment.

     VELORIA appealed her conviction and sentence on several grounds including an argument that her sentence was unconstitutional pursuant to the Supreme Court's decision in

Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). On December 7, 2005, the Ninth Circuit affirmed VELORIA's conviction and remanded her sentence to this Court to determine whether VELORIA's sentence would have been different had the Court known that the Guidelines were advisory pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).

On April 10, 2006, the Court re-sentenced VELORIA and calculated the advisory Guidelines offense level in precisely the same fashion as it did during the original sentencing in 2003. After considering the Guidelines and all other relevant sentencing factors pursuant to 18 U.S.C. § 3553(a), the Court again determined that a reasonable sentence for VELORIA was 97 months of imprisonment, given the nature and degree of her criminal conduct. VELORIA once again appealed her sentence. On December 12, 2006, the Ninth Circuit affirmed VELORIA's conviction and sentence. On April 16, 2007, the Supreme Court denied certiorari.

## II.  LAW OF THE CASE

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

>    considering the factors set forth in section
>    3553(a) to the extent that they are
>    applicable, if such a reduction is consistent
>    with applicable policy statements issued by
>    the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

>    (1)   In General.—In a case in which a defendant is
>          serving a term of imprisonment, and the guideline
>          range applicable to that defendant has
>          subsequently been lowered as a result of an

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

   A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

>   amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
>   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

---

[3]In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### III. SUGGESTED RELIEF

VELORIA is correct that Amendment 706 reduced the guideline range applicable in her case and, therefore, the Court may consider whether to reduce her sentence.  Specifically, the base offense level in this case is now 26, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, the final offense level is 28.  At the established criminal history category of I, this would result in a sentencing range of 78 to 97 months.  This is a reduction from the previously applied range of 97 to 121 months.

Although VELORIA may qualify for a reduction in sentence under section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[4]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. <u>United States v. Whitebird</u>, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); <u>United States v. Ursery</u>, 109 F.3d 1129, 1137 (6th Cir. 1997); <u>United States v. Coohey</u>, 11 F.3d 97, 101 (8th Cir. 1993); <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced
> . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other

guideline application decisions made during the original sentencing remain intact." <u>Vautier</u>, 144 F.3d at 760.  Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  <u>Id.</u>[5]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of

---

[5]     The Eighth Circuit has also endorsed and explained at length this two-step procedure.  <u>United States v. Hasan</u>, 245 F.3d 682, 684-85 (8th Cir. 2001)(<i>en banc</i>), <u>citing</u> <u>United States v. Wyatt</u>, 115 F.3d 606 (8th Cir. 1997).

In <u>United States v. Legree</u>, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method.  However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence, which was not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "[u]nder subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and

this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[6]  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  U.S.S.G. § 1B1.10 app. note 3.[7]

---

[6] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[7] Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner.  A court may not reduce a term of supervised release under a motion pursuant to section 3582(c)(2).  The matter must await a motion under section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C. § 3583(e)(1).

In sum, the Court may not reduce VELORIA's sentence to less than 78 months, and this Court must consider the § 3553(a) factors and the other considerations addressed above in determining whether and to what extent to reduce the sentence. In the instant case, the government submits that a reduction in VELORIA's sentence is not warranted. In her attempt to avoid conviction, and later to avoid a lengthy sentence, VELORIA engaged in manipulative and deceitful behavior, not only towards her counsel, the government, and witnesses, but towards the Court as well. For example, at some point in 2002, approximately one year prior to her trial and sentencing, VELORIA attempted to obstruct justice by sending a letter to Wallace Iaukea, a government witness, in which she attempts to convince him to testify falsely at trial. The Court also pointed out that VELORIA was extensively involved in drug dealing and continued dealing drugs out of her home even after it was raided by police. See Transcript of Proceedings dated November 3, 2003, p. 43, attached hereto as Exhibit "A". In addition, the Court, on remand pursuant to Ameline, noted that VELORIA's obstruction of justice played a large role in the original 97-month sentence the Court imposed. See Transcript of Proceedings dated April 10, 2006, p. 23, attached hereto as Exhibit "B". In light of VELORIA's history and characteristics, the seriousness of her offense, her clearly documented attempt to obstruct justice, her

14

conduct during trial, in which VELORIA, through her counsel, argued that the drugs seized from her house as well as the drugs seized from her truck belonged to other individuals, her general manipulative and deceitful behavior in front of this Court, and failure to clearly demonstrate acceptance of responsibility for her offense, a 97-month sentence is reasonable and no reduction in VELORIA's sentence is warranted.

## IV. CONCLUSION

For the reasons stated above, the Government respectfully urges the Court that a reduction in sentence is unwarranted and that the Court impose the same sentence that it did on November 3, 2003, and again on April 10, 2006.

Dated: March 19, 2008, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Thomas J. Brady
THOMAS J. BRADY
Assistant U.S. Attorney

15

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by U.S. Mail:

Alicia Veloria                                              March 19, 2008
Reg. No. 14144-006
Federal Detention Center
351 Elliot Street
Honolulu, Hawaii 96819


Pro Se Defendant

    DATED:  Honolulu, Hawaii, March 19, 2008.


                                    /s/ Shelli Ann H. Mizukami