```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3                                  )
    UNITED STATES OF AMERICA,       )  CR 00-00145 SOM
 4                                  )
              Plaintiff,            )  Honolulu, Hawaii
 5       vs.                        )  April 10, 2006
                                    )  2:15 P.M.
 6  ALICIA VELORIA,                 )
                                    )  Resentencing
 7            Defendant.            )
                                    )
 8  _____)

 9
                   TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE SUSAN OKI MOLLWAY
                 UNITED STATES DISTRICT JUDGE
11

12  APPEARANCES:

13  For the Government:     THOMAS BRADY
                            Office of the U.S. Attorney
14                          PJKK Federal Bldg.
                            300 Ala Moana Blvd. Ste. 6100
15                          Honolulu, HI 96850

16  For the Defendant:      SHAWN A. LUIZ
                            City Ctr.
17                          810 Richards St., Ste. 800
                            Honolulu, HI 96813
18
    Also Present:           ANNE M. SHIMOKAWA
19                          U.S. Probation Office
                            300 Ala Moana Blvd. Ste C-110
20                          Honolulu, HI 96813

21  Official Court Reporter: Debra Kekuna Chun, RPR, CRR
                             United States District Court
22                           300 Ala Moana Blvd. Ste. C285
                             Honolulu, HI 96850
23                           (808) 534-0667

24
    Proceedings recorded by machine shorthand, transcript
25  produced with computer-aided transcription (CAT).
```



EXHIBIT "B"

1          THE COURT: Okay. Well, I'm denying that
2    request.
3          What I have in front of me is a pretty long
4    history with Miss Veloria, and the question in front of me
5    is whether I would sentence differently because the
6    guidelines have now clearly been stated to be advisory,
7    instead of what I thought was mandatory at the time that I
8    sentenced Miss Veloria originally. Had I known when I
9    originally sentenced Miss Veloria that the guidelines were
10   advisory only and not mandatory, I would still have
11   determined that the 97-month sentence that I imposed on
12   her at her original sentencing was reasonable, and I would
13   have done that looking at the factors in 18 U.S.C.
14   3553(a). I would have looked at the nature and
15   circumstances of the crime she was convicted of and the
16   history and characteristics of Miss Veloria. I look at
17   those today. And I take into account, in particular, that
18   obstruction of justice issue, which played a large role in
19   the sentence that I gave her originally.
20         You know, it's not that common that we have
21   obstruction of justice documented as clearly as it was
22   here. We had a letter that I determined she had written
23   in which she attempted to have a key witness lie to try to
24   save her. And that came years after she had committed the
25   offense; it came after she had been indicted in this case.