808 538 0600        Shawn Luiz Attorney @ L                    02:10:25 p.m.    04 25 2008        2/8

SHAWN A. LUIZ 6855
Attorney at Law
City Center, Suite 800
810 Richards Street
Honolulu, Hawaii 96813
Tel. (808) 538-0500
Fax (808) 538-0600
E-mail: attorneyluiz@MSN.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ALICIA VELORIA, | ) CV. NO. 08-00019-SOM-BMK |
| | )     (Underlying criminal case (Crim. |
| Defendant-Movant | ) No. 00-00145 SOM)) |
| | ) |
| v. | ) |
| | ) DECLARATION OF |
| UNITED STATES OF AMERICA, | ) SHAWN A. LUIZ |
| | ) |
| Plaintiff-Respondent | ) |
| | ) |
| | ) |
| | ) |
| | ) |

DECLARATION OF SHAWN A. LUIZ

I, SHAWN A. LUIZ, declare as follows:

1.  I was a CJ Panel attorney representing Veloria in two appeals to the 9th Circuit Court of Appeals from the underlying criminal case (Crim. No. 00-00145 SOM).

2. I have been licensed to practice law in the State of Hawaii since 1997. I am also licensed to practice law in Florida, the 9th Circuit Court of Appeals, and the United States Supreme Court.

3. I submit this declaration in response to Veloria's allegations that I rendered ineffective assistance of counsel on appeal.

4. Prior to submitting the appellate brief in the first appeal, entitled, UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ALICIA VELORIA, Defendant – Appellant, No. 03-10626, Declarant spent considerable hours reviewing the pleadings; transcripts and records, which were part of the record on appeal. Declarant carefully combed through the record for reversible error and raised those points in the first appeal accordingly.

5. Veloria submitted a pro se brief for my review that was prepared by a paralegal, not an attorney. The pro se brief contained points that were either harmless, unsupported factually by the record, unsupported by binding Ninth Circuit case law or United States Supreme Court precedent or nonsensical.

6. The three issues I raised were:

1. It was an abuse of discretion and reversible error for District Court to sentence Veloria to an enhanced prison term when the only factual finding made by the jury was that the amount of cocaine base involved in Count 1 was "at least five grams" (Tr. 6/10, 12, 13/03, p. 27) and the court based its enhancement on facts not found by the jury such as using 22.6 grams of cocaine base found in Defendant's

808 538 0600    Shawn Luiz Attorney @ L    02:10:46 p.m.    04 25 2008    4 /8

residence; 539.8 grams of cocaine found in Defendant's truck; and obstruction of justice based on the allegation that Defendant attempted to get government witness Wallace Iaukea to lie by sending letters to him asking him to provide false testimony during trial (Presentence Investigation Report (PIR), para. 45)

2.   It was reversible error for the trial court to not dismiss the offending jurors who engaged in juror misconduct and/or declare a mistrial and/or order a new trial when each circumstance of misconduct was brought to the court's attention.

3.   It was reversible error to allow the government to introduce Federal Rules of Evidence (FRE), Rule 404(b) evidence at trial, namely evidence of other uncharged drug offenses when the government failed to give timely notice to the defense in accordance with the pretrial order in this case, and as the prejudicial value to Veloria outweighed its probative value to the government, and to admit USA's Exhibit 27 over objection without proper authentication which was also 404 (b) evidence.

7.   Of the three points on appeal, the Ninth Circuit ruled as follows, see,

164 Fed. Appx. 562; 2005 U.S. App. LEXIS 26781:

Alicia Veloria, who was found guilty of possession with intent to distribute in excess of five grams of cocaine base under 21 U.S.C. § 841(a)(1), appeals both her conviction [**2] and sentence. We conclude that Veloria is entitled to a limited remand under United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc), but we affirm her conviction in all respects.

Veloria's juror misconduct claim is foreclosed by her attorney's express consent to the district court's handling of the situation. United States v. McFarland, 34 F.3d 1508, 1512 (9th Cir. 1994) (the doctrine of invited error applies where the "trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action"). Even if Veloria had objected

to the district court's handling of this matter, her claim would still fail because the "alleged misconduct was thoroughly investigated by the district court, and its effect cured by ensuring that [the threatened juror] no longer felt intimidated." United States v. Smith, 424 F.3d 992, 1014 (9th Cir. 2005).

Veloria's evidentiary challenges are also unavailing. She disputes two of the court's evidentiary rulings. First, she argues that she received inadequate pretrial notice about the testimony of two witnesses. See Fed. R. Evid. 404(b) [**3] . But the district court properly admitted this testimony, because Veloria's counsel had access to the underlying evidence long before trial. See United States v. Erickson, 75 F.3d 470, 478 (9th Cir. 1996). Moreover, even if these witnesses' testimony should not have been admitted, any such error was harmless. Their testimony was limited and vague, especially when contrasted with the extensive testimony that the jury heard regarding the police search of Veloria's house.

Second, Veloria contends that the district court abused its discretion by admitting a letter without proper authentication. But the government properly authenticated the letter several different ways, including through the testimony of a "witness with knowledge." Fed. R. Evid. 901(b)(1); United States v. Workinger, 90 F.3d 1409, 1415 (9th Cir. 1996). There was no abuse of discretion.

Veloria's sentence was imposed by the district court prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 749-50, 160 L. Ed. 2d 621 (2005). In light of Booker, we remand the sentence to the district court "to answer the question whether [Veloria's] [**4] sentence would have been different had the court known that the Guidelines were advisory." Ameline, 409 F.3d at 1079.

CONVICTION AFFIRMED; SENTENCE REMANDED.

See United States v. Veloria, 164 Fed. Appx. 562, 563 (9th Cir. Haw. 2005)

808 538 0600    Shawn Luiz Attorney @ L                    02:11:18 p.m.   04-25-2008         6/8

8. Upon remand from the first appeal, Declarant filed a motion requesting release pending re-sentencing. The Motion was denied by the magistrate.

9. Re-sentencing on remand from the first appeal took place on April 10, 2006. ROA, doc 191. On March 13, 2006, Declarant, on behalf of Veloria, filed her memorandum of law; a declaration and exhibits in support of a sentencing reduction. ROA at 195. On April 7, 2006, Declarant, on behalf of Veloria, filed her supplemental declaration and exhibits in support of a sentencing reduction. ROA at 198.

10. Veloria was re-sentenced a second time to 97 months in prison (the same sentence she received the first time) (ROA, doc. 199). See Amended Judgment filed April 18, 2006 (ROA at 200).

11. On April 18, 2006, Veloria timely filed her Notice of Appeal for the second time within 10 days after the judgment or order appealed from (re-sentencing) (ROA, doc. 201) which was ultimately affirmed. In the brief in second appeal I raised the only issue that was proper from a re-sentencing, namely an improper re sentencing.

12. In the SECOND appeal before the UNITED STATES COURT OF

APPEALS FOR THE NINTH CIRCUIT, 211 Fed. Appx. 650 (9th Cir. Haw. 2006), the court ruled as follows:

> Alicia Veloria appeals from the 97-month sentence imposed following remand under United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005)(en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. [**2]
>
> Veloria contends that her sentence remains invalid under the Sixth Amendment because the district court calculated an offense level based on drug amounts and obstruction of justice found by the district judge rather than proved to a jury beyond a reasonable doubt. This contention is unavailing because the district court applied on remand the very procedure prescribed by this court to remedy the constitutional infirmity of allowing a sentence based on judge-found facts under mandatory Sentencing Guidelines. See Ameline, 409 F.3d at 1084. The district court stated that the sentence imposed would not have been materially different had it known the Guidelines were advisory, and took into account the sentencing factors set forth in 18 U.S.C. § 3553(a) in reimposing the original sentence.
>
> On review of the record, we conclude the sentence imposed was not unreasonable. See United States v. Plouffe, 445 F.3d 1126, 1131-32 (9th Cir.), cert. denied, 126 S. Ct. 2314, 164 L. Ed. 2d 832 (2006).
>
> AFFIRMED.

13.   Declarant then filed a writ of certiorari to the United States Supreme Court. The Supreme Court denied certiorari, see Veloria v. United States, 127 S. Ct. 2073, 167 L. Ed. 2d 795, 2007 U.S. LEXIS 4210 (U.S., 2007).

14.   I raised whatever points I believed had merit on appeal, resulting in at least a limited remand pursuant to Booker. Ultimately the sentence imposed on

808 538 0600        Shawn Luiz Attorney @ L                                    02:11:42 p.m.    04 25 2008        8 /8

Veloria in this matter was found proper by the 9th Circuit in the second appeal and rejected by the United States Supreme Court for review. I am unaware of any meritorious issue I omitted from either appeal. I never made any procedural error to deprive Veloria of either appeal, i.e. failed to timely file notice of appeal, timely submit a brief, fail to follow briefing requirements, etc.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, April 25, 2008.

SHAWN A. LUIZ