CORRESPONDENCE

ALICIA VELORIA
Reg # 14144-006
PO Box 30080
Honolulu, Hawaii 96820

May 8, 2008

Honorable Susan Oki Mollway
United States District Court Judge
Fourth Floor, US Courthouse
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

RECEIVED
CLERK U.S. DISTRICT COURT
MAY 12 2008
DISTRICT OF HAWAII

Re:  Designation Status
     US v. VELORIA
     CR NO.  00-00145 SOM

Dear Judge Mollway:

On March 31, 2008, while appearing in your courtroom for a 3582 reduction, I specifically asked for a judicial recommendation for designation to Honolulu Federal Detention Center for the remainder of my sentence. I made this request with the knowledge that, in light of the 19 month reduction, BOP staff would need to initiate the pre-release process for RRC placement at the end of July. Additionally, my immediate family and friends live in Hawaii and I was looking forward to receiving visits during my stay at Honolulu FDC.

However, as of this date, much to my family's dismay, I am still designated to Carswell in Ft. Worth, Texas. As a "holdover" inmate, my visits are severely limited (my nephew is unable to visit me because he is not considered "immediate family"). My inmate property (with the exception of legal documents) has being "stored" indefinitely at Carswell and I am being denied other benefits because I am "holdover" rather than "cadre".

It appears that although you indicated that you would make a recommendation that the BOP designate me to FDC Honolulu, no such recommendation exists. Throughout the last month, on several occasions, I have approached Unit 3A

Case Manager, Mr. Manini as well as Mr. Shelko, Unit Manager, to inquire into pre-release preparation. I have repeatedly been told that FDC Honolulu staff cannot do anything until I am redesignated to FDC Honolulu. Additionally, my family has called the DSCC and Carswell FMC; both departments indicated that no such recommendation for re-designation exists.

I **respectfully request** that you make the **DSCC aware** of your **recommendation** for my **designation to Honolulu FDC.** My family lives here in Hawaii and I have spent 53 out of 59 months of incarceration away, inaccessible to them because of finances. In your courtroom, I was complacent with the setting of a June 16, 2008 hearing on my §2255 Motion with the hope of being able to visit with my family while awaiting the hearing.

Additionally, without a designation to FDC Honolulu, BOP staff will not initiate the pre-release paperwork necessary for my RRC placement. The Second Chance Act signed into law on April 9, 2008, makes me eligible for halfway house placement right now. However, because I am currently on "holdover" status, no institution or BOP staff member is willing to take accountability and/or responsibility for that which needs to be done to afford me a reasonable opportunity to adjust to and prepare for reentry into the community.

I apologize for this lengthy letter. I have made every possible attempt at resolving this on my own, to no avail. It makes no sense for me to travel back to Texas after the June 16, 2008, hearing in your courtroom. Looking beyond the adverse effect it will have on me, the in-custody transport cost from Hawaii to Texas alone should itself be a motivating factor in addressing this issue.

Thank you for your time and consideration.

Respectfully submitted,

_Alicia Veloria    May 8, 2008_
Alicia Veloria, Reg. # 14144-006