ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 15 2008

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 00-00145 |
| | ) | Civil No. 08-00019 SOM/BMK |
| Plaintiff-Respondent | ) | HON. SUSAN OKI MOLLWAY |
| | ) | |
| Vs. | ) | **VELORIA'S RESPONSE to** |
| | ) | **LUIZ'S DECLARATION;** |
| ALICIA VELORIA | ) | **SUBMISSION OF EXHIBIT 47;** |
| | ) | **CERTIFICATE OF SERVICE** |
| Defendant-Petitioner | ) | |
| | ) | |

**************************

Comes now, the Defendant-Petitioner, ALICIA VELORIA, Pro Se, and submits the following response to Luiz's declaration.

Defendant-Petitioner reasserts every issue and argument in her §2255 Motion and Memorandum, and in every exhibit thereto and does not waive or abandon any issue, argument or statement in this response, either expressed or implied.

Attached hereto is the submission of Exhibit 47, Samuel King, Jr's Motion to Withdraw as Appellate Counsel filed in the Ninth Circuit on 10/08/04 (as noted on Exhibit 46).

This Court should scrutinize the government's submission in light of the fact that five extensions were given, allowing for the completion and submission of Luiz's declaration. The failure to prepare a timely declaration demonstrates to this Court that Luiz intentionally disregarded AUSA Brady's numerous requests (see the following government filings: two letters dated 1/10/08; Motion for Extention dated 3/04/08; letter dated 4/21/08 requesting extention from the court's generous sua sponte extended deadline of 4/11/08; letter dated 4/21/08 seeking extention from 4/18/08 deadline). Luiz's unprofessional and unreliable behavior with regard to

Ms. Veloria's case confirms to this Court his unaccountability for his actions, and thus, prejudice.

In addition to Luiz's unexplained and unjustified extended delay in the preparation his declaration, he fails to address the allegations in Ms. Veloria's petition. Therefore, Luiz's failure to deny Ms. Veloria's contions indicate that they have been admitted by omission. As such, Ms. Veloria's allegations should be deemed accepted as factual.

On the second page of Luiz's declaration, entry #5, Luiz alleges that "Veloria submitted a pro se brief for my review that was prepared by a paralegal, not an attorney". In reality, only part of Ms. Veloria's pro se brief was prepared by a paralegal. The truth is, said brief was prepared under the supervision of a licensed attorney who then made appropriate changes before its completion and submission to Luiz.

Most importantly, Ms. Veloria submitted her pro se brief to Luiz, well in advance of the appeal deadline to allow adequate time in the event it was necessary to move the Ninth Circuit to allow Ms. Veloria to represent herself and file said brief pro se.

Exhibits 32A - 32H, 33, 34, 35, 36, 45, 46, and 47 conclusively prove that Ms. Veloria intended on raising specific issues on her direct appeal. Additional evidence of Ms. Veloria's unequivocal determination with regard to her appeal can be viewed by accessing documents filed in the Ninth Circuit Court of Appeals, No. 03-10626.

As confirmed in Appellate Attorney King's Motion to Withdraw, filed in the Ninth Circuit (see Exhibit 47 attached hereto). Ms. Veloria had not acquiesced to a brief being filed in her name unless she had reviewed and agreed with its submission. (See quoted text below.)

> Defendant-Appellant and I are in complete disagreement as to how to proceed in this appeal. Ms. Veloria has insisted that I not file the Opening Brief in this case until she and her friends in Alaska supply me with a promised summary of appeal issues...
> Also, Ms. Veloria insists, as I indicated in my previous motions to extend time to file the Opening Brief, that certain issues be raised in the appeal brief which either are not supported by facts in the record or are more properly raised in a 2255 motion (ineffective assistance of counsel claims, etc.)...
> Ms. Veloria and I cannot work together on this appeal any longer. Her insistence on doing things her way in inconsistent with my professional evaluation of this appeal and even inconsistent with what I feel is in the client's best interests. (p. 1-2)...
> Also, one of the issues Ms. Veloria wants to raise on appeal involves the denial of her motion to suppress the statement she made pretrial pursuant to a proffer agreement. (p. 3)...
> ... There is no problem with Ms. Veloria having the Opening Brief take any form she desires, but not with my name on it considering what she wants done. This conflict with Ms. Veloria has been very emotionally and professionally draining on me, especially considering the fact that the Opening Brief is overdue, but submitting a brief under the circumstances has proved to be impossible. (p. 4)

Also filed in the Ninth Circuit (and submitted as Exhibit 33) is Ms. Veloria's response containing the following assertion:

> I have spent a considerable amount of time and effort trying to shed light on various avenues that might be worthwhile to pursue on direct appeal.
> ...I find it hard to believe that Mr. King is unaware of a strategic way to bring forth these issues on direct appeal rather than a motion under §2255. (p. 2)
> ... In light of this, I felt it necessary to seek help in preparing a brief on my own so that (1) he did not file a frivolous brief in my name, on my behalf and (2) any and all constitutional errors occurring during my trial will be brought forth and preserved for further proceedings.
> ... If my case is to rise or fall on the merits of all legal work filed in my name, then I would like to have my ideas and research contained therein. (p.3)

Appellate Counsels received numerous letters written by Ms. Veloria clearly indicating her intent on raising various issues. Several versions of the following unequivocal statement can be found in the attorney-client communications mailed prior to the 2/23/05 deadline:

> The appeal brief that I have been working on with help from friends in Alaska should be finished soon. I hope that you will

-3-

review it and contact me, here at the prison to discuss any proposed changes.  If you do not agree with the issues that will be raised and refuse to file it, then I respectfully ask that you withdraw from my case and file the brief on my behalf PRO SE. (see Exhibit 32H)

At no time did Luiz make any effort to inform Ms. Veloria that he would not raise the issues contained within her pro se brief.  Luiz'a actions were unprofessional and violative of Ms. Veloria's constitutional rights. Ethical Cannon 7-7 provides in pertinent part:

> In certain areas of legal representation not affecting the merits of the cause or substantially prejudicing the rights of a client, a lawyer is entitled to make decisions.  But otherwise the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on the lawyer.

The Court ruled in Smith v. South Carolina, 882 F.2d 895, 898 (4th Cir 1989) that the "refusal of appellate counsel to raise a nonfrivolous claim on direct appeal [which client wished to raise]... should be evaluated by... [ineffective assistance] standard."  It should be apparent to this Court that Luiz's failure to address and/or comply with Ms. Veloria's reasonable wish to raise particular claims breached the agency relationship between attorney and client, thereby making it unreasonable to impose upon the client the consequences of the attorney's actions.

As the Supreme Court observed in Faretta v. California:
> An unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction.  Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense. (422 U.S. at 821)

The court said in United States v. Dougherty, 473 F. 2d at 1128, even a defendant doomed to lose has the right:
> to the knowledge that it was the claim that he put forward that was considered and rejected, and to the knowledge that in our free society, devoted to the ideal of individual worth, he was not deprived of his free will to make his own choice, in his hour of trial, to handle his own case.

The right to present pro se briefs on direct appeal, as the right to self-representation at trail, arises from the fundamental belief that a

criminal defendant should not have counsel forced upon him. See Myers v. Johnson, 8 F.3d at 252. Constitutional protection of the right to represent oneself on direct appeal preserves the values of individual autonomy and freedom of choice. See Faretta v. California, 422 U.S. at 833-34, ("And whatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free choice."). Violation of the right to present pro se briefs sacrifices these values regardless of the effect of the violation on the outcome of the appeal. See Johnstone v. Kelly, 808 F.2d at 218.

In conclusion, Luiz's claim that Ms. Veloria's pro se brief was "unsupported" by binding caselaw or precedent or "nonsensical" is outrageous. Ms. Veloria's brief references 121 supporting authorities and the claims within make perfect sense to the individual who faced the consequences of failure. However, even if Ms. Veloria's pro se brief was destined to fail, there is sufficient caselaw affirming that it was her decision to make.

The only thing left for this Court to determine is whether Luiz's intentional sacrifice of Ms. Veloria's statuatory fist right of appeal was embarked upon on his own or at the direction/influence of others who may have been adversely affected if certain facts were exposed in Ms. Veloria's case.

I have read the foregoing and state that the facts set forth are true and correct to the best of my knowledge and ability.

        Signed under penalty of perjury
        under 28 U.S.C. §1746
        this 13th day of May, 2008.

        *Alicia Veloria*
        Alicia Veloria, Pro Se
        Federal Detention Center
        PO Box 30080
        Honolulu, HI 96820