```
 1            IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF HAWAII
 3
 4    _____
 5   UNITED STATES OF AMERICA,      )
 6              Plaintiff,          )   CR. NO. 00-00145 SOM
 7        vs.                       )
 8   ALICIA VELORIA,                )       VOLUME IV
 9              Defendant.          )       (Pages 1 - 145)
10   _____ )
11
12
13              TRANSCRIPT OF PROCEEDINGS
14
15        The above-entitled matter came on for
16   FURTHER JURY TRIAL commencing at 8:30 a.m. on Friday,
17   June 6, 2003, Honolulu, Hawaii,
18
19   BEFORE:    HONORABLE SUSAN OKI MOLLWAY
20              United States District Judge
21              District of Hawaii
22
23
24   REPORTED BY:   LISA J. GROULX, COURT REPORTER
25                  Notary Public, State of Hawaii
```

there is evidence of is that she was distributing drugs from those locations.

It's important to note also that the government does not have to prove that Ms. Veloria owned that house or that Ms. Veloria owned the car -- the truck. In fact, the government does not have to prove that Ms. Veloria owned these drugs, only that she possessed them with intent to distribute them.

In fact, the court will instruct you as to the law of possession and part of the law is that a person has possession of something if the person knows of its presence and has the physical control of it or knows of the presence and has the power and intention to control it. Now you have to apply the facts here to that law.

What are the facts supporting Count 1? We'll we have Captain Sam Thomas who testified first, and he told you that based on his information he believed that the person who lived at 69 Mauna Loa Street in Hilo was the defendant and he believed there would be cocaine there and cocaine paraphernalia. He got a search warrant, and what did he find? He found 22 grams of cocaine base crack cocaine. He found drug paraphernalia, drugs scales. He found over $7,000 in cash, mostly $20 bills. He found deposit receipts for

```
 1  the defendant.  They found a Bank of Hawaii checkbook
 2  of the defendant.  In fact, that was returned to the
 3  defendant by Detective Bolos.  He found jewelry.  He
 4  found a cashier's check, approximately $6,000, for the
 5  defendant.  He found woman's clothing in the closet.
 6  And, oh, yeah, he found the defendant there.  He
 7  testified, Captain Thomas, that he found no evidence
 8  to support or suggest that anyone else was living at
 9  that location.
10          Now the court is going to instruct you about
11  both direct and circumstantial evidence, and part of
12  that instruction will be that you can make reasonable
13  inferences based on common sense.  An example of a
14  reasonable inference, when you look at photograph 16,
15  that shows the "A".  It's reasonable and it's based on
16  common sense that the "A" stands for Alicia.  There's
17  not a "J" for a Jessica.  It's an "A".
18          And when you put all of the factors together,
19  what Captain Thomas knew, what he suspected, what he
20  actually found, and the physical evidence at the
21  scene, you have a lot.  But the government went
22  further.  The government went further and put on
23  witnesses who said I bought from the defendant at this
24  location.  I bought drugs from this location from the
25  defendant.
```

1  on the driver's side, but also the separate plastic
2  bag of cocaine, and he did so without Marshall
3  Kanehailua looking at him, seeing him.  And then he
4  wrote or typed this master letter to try to frame her.
5  And, of course, he does this in 2002, after he's
6  already been serving four or five years in prison.  Is
7  there any evidence to support that?  No.  Use your
8  common sense.
9          He says that the search warrant indicated
10 that they didn't know was living there?  Is that what
11 the testimony was?  No.  Captain Sam Thomas took the
12 stand and he said the occupant of that house was who?
13 Alicia Veloria.  I put her in my affidavit.  I know
14 who was living there.  That's the evidence.  He
15 suspected drugs.  He knew she was living there.  They
16 executed the search warrant.  Lo and behold.  What do
17 they find?  The defendant, the drugs, cash,
18 documentation that belongs to the defendant.
19         Now counsel wants you to believe and focus on
20 all of the evidence that's not there.  Just look at
21 the evidence that's before you.  Counsel had full
22 opportunity to try to develop if there was a bias of
23 Ms. Pacheco and Mr. Iaukea, full opportunity.  Did he
24 ever ask the question, well, what's the government --
25 aren't you going to ask the government for a break?

```
 1                    C E R T I F I C A T E

 2

 3   STATE OF HAWAII           )
                               ) SS.
 4   COUNTY OF HONOLULU        )

 5

 6            I, Lisa J. Groulx, Court Reporter and

 7   Notary Public, State of Hawaii, do hereby certify:

 8            That on June 6, 2003, at 8:30 a.m., that

 9   the proceedings contained herein was taken down by me

10   in machine shorthand and was thereafter reduced to

11   computerized transcription under my supervision; that

12   the foregoing represents, to the best of my ability, a

13   true and correct copy of the transcript of proceedings

14   had in the foregoing matter.

15            I further certify that I am not of

16   counsel for any of the parties hereto, nor in any way

17   interested in the outcome of the cause named in this

18   caption.

19            Dated this 15th day of March, 2004.

20

21

22            _____

23            LISA J. GROULX, COURT REPORTER

24            Notary Public, State of Hawaii

25            My commission expires:  5/15/06
```