IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA VELORIA, | ) | CRIM. NO. 00-00145 SOM |
| | ) | CIV. NO 08-00019 SOM/BMK |
| Petitioner, | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| vs. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

I.      INTRODUCTION.

Alicia Veloria was convicted of possessing with intent to distribute in excess of five (5) grams of cocaine base and sentenced to 78 months in prison and 4 years of supervised release.  On December 26, 2007, Veloria filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  The memorandum in support of Veloria's motion was over 200-pages long and raised almost 50 grounds of error.  On August 28, 2008, this court denied that motion in a seventy-five-page order.  On September 19, 2008, Judgment was entered against Veloria.

On September 26, 2008, Veloria filed a notice of appeal, which this court also deems to be a request that this court grant a certificate of appealability.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of

appeal shall be deemed to constitute a request for a certificate."). That request for a certificate of appealability is denied.

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The court shall issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When, however, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id.

As set forth in the court's lengthy order, this court determines that no reasonable jurist would find this court's

assessment of the merits of Veloria's constitutional claims debatable or wrong.  Nor would any reasonable jurist determine that the various procedural grounds for denying Veloria's § 2255 petition would be debatable.  Most of Veloria's claims were an attempt to relitigate claims already rejected by the Ninth Circuit, were clearly procedurally barred, or were meritless.

Of all the claims, only two could have possibly had any merit.  Veloria asserted in Claim Number 6 that she did not knowingly enter into a proffer agreement, as her attorney, Alexander Silvert, improperly advised her of the consequences of that agreement.  In Claim Number 41, Veloria asserted that the magistrate judge improperly participated in plea negotiations in violation of Rule 11 of the Federal Rules of Criminal Procedure.  Because Veloria failed to litigate either of these claims on direct appeal, Veloria needed to establish both "cause" and "actual prejudice" to assert the claims in her § 2255 motion. See United States v. Frady, 456 U.S. 152, 167-68 (1982).

The court declines to issue a certificate of appealability for either of the potentially meritorious claims.  Rather, the court determines that Veloria's appeal of these claims is frivolous given her failure to establish that she suffered actual prejudice.  The court scheduled an evidentiary hearing to determine whether Veloria was prejudiced by errors she asserted.  At that hearing, however, Veloria chose not to put on

any live evidence of prejudice.  Nor did the written record establish prejudice.  The court determines that, with respect to the two potentially meritorious claims, no reasonable jurist could debate whether either claim could justify § 2255 relief, as Veloria does not establish prejudice based on the record.

The court declines to issue a certificate of appealability for any claim that Veloria may raise on appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2008.



   /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Veloria v. United States, CRIM. NO. 00-00145 SOM; CIV. NO 08-00019 SOM/BMK; ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY